Allen *v.* Maronne.

ALLEN *v.* MARONNE.

(*Jackson.* July 28, 1893.)

1. MEASURE OF DAMAGES. *For illegal discharge of employe.*

For his illegal discharge before expiration of his stipulated term of service, an employe is entitled to recover of his employer full wages or salary for the entire term, less payments and such further sum as he did earn or might, by due diligence, have earned during the remainder of the term.

2. SAME. *Same. Acceptance of new employment not an abandonment of his claim.*

Acceptance of new employment by the illegally discharged employe, during the unexpired term of his service, is not a waiver or abandonment of his claim for damages against his first employer. It is the employe's legal duty to use due diligence to obtain new employment.

3. SAME. *Same. Discharge of employe from the new employment.*

The lawful discharge from the new employment of an employe illegally discharged from a former employment cannot affect the right or amount of his recovery against his first employer, where, immediately after his lawful discharge, he obtains other employment for better wages and a longer time.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

M. B. TREZEVANT for Allen.

W. A. PERCY for Maronne.

Allen *v.* Maronne.

McALISTER, J. This is a suit by an employe against his employer, to recover balance due on salary. There was a verdict and judgment in the Court below in favor of the plaintiff for eleven hundred and sixty-two ($1,162) dollars. The defendant appealed, and has assigned errors.

It appears from the record that, on November 10, 1890, William Maronne was employed by the firm of Thomas H. Allen & Co. as cotton salesman, for one year, at a stipulated salary of eighteen hundred dollars. Maronne entered upon the discharge of his duties, and gave entire satisfaction to his employers; but, on November 25, 1890, the firm of Thomas H. Allen & Co., failing in business, made an assignment, and Maronne was discharged. At the date of his discharge, the firm was indebted to Maronne, on account of salary, in the sum of one hundred dollars, which they paid in full. In a few days thereafter, Harry Allen, one of the late firm, began a cotton factorage business on his own account, and immediately employed Maronne to perform the same services, and at the same salary he was to have received from Thomas H. Allen & Co. No definite time of employment was fixed. In his new employment, Maronne earned one hundred and eighty dollars, and was discharged, January 1, 1891, for an alleged cause. Maronne then made an effort to find employment in Memphis, but, meeting with no success, January 5, 1891, he went to New Orleans, where he secured a position with Strauss & Co.

as cotton salesman. Maronne remained in the employment of Strauss & Co. until August 1, 1891 —the termination of the cotton season—and earned, during his connection with that firm, the sum of four hundred and thirty dollars. It appears from the record that Maronne was diligent in seeking further employment, but without success.

The Circuit Judge properly charged the jury that plaintiff would be entitled to recover balance due on his salary for one year, less any amount earned, or that ought, by reasonable diligence, to have been earned in any other employment.

The verdict of the jury was for the balance due on the salary at the contract price of eighteen hundred dollars, after crediting it, first, by the sum of one hundred dollars paid by Thomas H. Allen & Co.; second, by the sum of one hundred and eighty dollars paid by Harry Allen; and, third, by the sum of four hundred and thirty dollars earned by Maronne while in the employment of Strauss & Co., with interest on balance found to be due.

It is insisted, on behalf of Thomas H. Allen & Co., that Maronne abandoned his first contract; that is to say, he acquiesced in his dismissal by accepting a new and distinct employment with Harry Allen for the same time and at the same salary as under the first contract. We think this position is untenable. It is well settled that the proof of such release, renunciation, or acquiescence, when arising from acts or language, must be clear

and unequivocal.   We find no such proof in the record, and it is not true, as a matter of law, that a man who has been illegally discharged, by accepting a second employment thereby acquiesces in his discharge, or waives his right of action for the breach of the first contract.   If Maronne had not accepted the new contract of employment, he would have been precluded, in this action, from a recovery for a breach of the original contract to the extent of what he might have earned in his new employment.   It was his imperative duty to accept the second employment.   *Jones* v. *Jones*, 2 Swan, 608.   The plaintiff's right of action accrued when the original contract was broken without fault on his part.   His subsequent conduct does not affect his right of action, but only affects the amount of recovery according as Maronne may have secured other employment, or may have been idle or diligent in seeking employment.   Sedgwick on Damages, Sec. 667.

It is also insisted on behalf of plaintiff in error, that Maronne was discharged by Harry Allen from the second employment for a sufficient cause, and that Thomas H. Allen & Co. are entitled to be credited with what Maronne might have earned to the end of the year.   It is not shown, however, that the second employment was for any definite time, and, in point of fact, Harry Allen ceased to do business on his own account March 1, 1891. It thereby appears that if Maronne had not left Harry Allen on January 1, 1891, his employment

Allen *v*. Maronne.

would only have continued, in any event, until March 1, 1891.

There was much proof taken and controversy below upon the question whether Maronne had been dismissed by Harry Allen for sufficient cause, it being insisted by defendant that Maronne, having been discharged on account of his misconduct, he should be charged with the full amount of what he might have earned. if he had remained in the employment of Harry Allen. We think this issue immaterial, since the fact is undisputed in the record that Maronne, immediately upon severing his connection with Harry Allen, secured employment with Strauss & Co., of New Orleans, where he earned more money than he could have earned under his contract with Harry Allen, and Thomas H. Allen & Co. are given full credit for these earnings. It is immaterial, in this view of the case, whether Maronne was rightfully discharged by Allen or not.

We have carefully examined all the assignments of error, and do not find any of them well taken. The charge of the Circuit Judge was quite as favorable to the defendants as they were entitled to under all the facts and circumstances of the case.

The judgment is affirmed.