## MENIHAN Co. *v.* HOPKINS.

### (*Nashville.* December Term, 1913.)

1. **MASTER AND SERVANT.** Actions for wrongful discharge. Nature and form.

   Where a contract of employment for one year at an annual salary of $1500, but payable in monthly installments of $125, was breached by the employer, the remedy of the employee was an action for damages for the breach, and not for salary for the period after the discharge, since readiness of the employee to perform after discharge is not equivalent to performance, and such a contract is to be treated on breach as an entire and individual one, for the breach of which only one action will lie. (*Post, p.* 26.)

   Cases cited and approved: Tarbox v. Hertenstein, 63 Tenn., 78; East Tennessee, etc., Co. v. Staub, 75 Tenn., 397; Pierce v. Tennessee, etc., Co., 173 U. S., 1; Clark v. Manchester, 151 N. H. 594; James v. Allen County, 44 Ohio St., 226; Doherty v. Schipper, 250 Ill., 128.

2. **JUDGMENT.** Merger and bar. Contract of employment. Recovery for breach.

   Where a servant is wrongfully discharged before the expiration of his contract of employment, any recovery in a suit by him for services for a part of such unexpired period before the period has expired becomes *res adjudicata,* barring a subsequent action for services during a subsequent portion of the period. (*Post, p.* 27.)

   Case cited and distinguished: Olmstead v. Bach, 78 Md., 132.

3. **MASTER AND SERVANT.** Actions for wrongful discharge. Other employment as ground for reduction of damages.

   Where plaintiff was employed by defendant as its salesman for one year, and was wrongfully discharged before that time, defendant could, in an action for the wrongful discharge, set

Menihan v. Hopkins.

off in mitigation of damages any compensation received by plaintiff under other employment during the unexpired period. (*Post, pp.* 28, 29.)

Cases cited and approved:   Children of Israel v. Peres, 42 Tenn., 620; Allen v. Maronne, 93 Tenn., 161.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— M. H. MEEKS, Judge.

G. B. KIRKPATRICK, for plaintiff.

STOKES & STOKES, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The defendant in error, plaintiff below, Hopkins, was employed by the Menihan Company as a salesman for one year, at compensation of $1500, salary to be paid monthly at the rate of $125 a month. He was wrongfully discharged near the middle of the contract year (about June 1st), but his salary up to that date was paid. He obtained other employment of a similar nature on September 15th, and for the remainder of the year received salary from his new employer at the rate of $150 per month.

This suit was begun December 8th to enforce compensation for "salary account for the months of June,

July, August and September 15, 1911, at the rate of $125 per month, making total due $437.50."

The question is duly raised on the record whether the employer company is entitled to have deducted from the amount thus sued for, if due the employee for the period he was out of employment, the excess sums of $25 per month for each of the subsequent months of his employment by another, aggregating $87.50.

In the circuit court this claim of the company was disallowed, and the court of civil appeals in affirmance states that, so far as its investigation extended, the question was, on the facts, one of first instance.

We are of opinion, however, that on principle and on test by the analogies of the law these rulings are erroneous.

A contract of employment for a specific period, such as for a year, is to be, on breach, treated as an entire and indivisible one. *Tarbox* v. *Hertenstein,* 4 Baxt., 78.

And this is true notwithstanding a provision therein for payments in monthly insallment, or at fixed intervals within the year. *East Tennessee, etc., Co.* v. *Staub,* 7 Lea, 397, cited and followed in *Pierce* v. *Tennessee, etc., Co.,* 173 U. S., 1, 19 Sup. Ct., 335, 43 L. Ed., 591; *Clark* v. *Manchester,* 51 N. H., 594; *James* v. *Allen County,* 44 Ohio St., 226, 6 N. E., 246, 58 Am. Rep., 821; *Doherty* v. *Schipper,* 250 Ill., 128, 95 N. E., 74, 34 L. R. A. (N. S.), 557, 23 Ann. Cas., 364, and notes; 1 Labatt, Master and Serv. (2 Ed.), sec. 347.

In this state the doctrine of constructive service has been rejected, and the rule is, in accord with the majority of the courts of other jurisdictions, that readiness to perform on the part of the employee is not to be construed to be equivalent to performance, for remedial purposes. *Railroad* v. *Staub,* supra.

It follows that, so far as regards the period following a wrongful discharge, the contract being entire, only a single action based on the breach is maintainable. Authorities, supra. And that the bringing of suit by the employees for services during a part of such period before the year has expired (and damages thus ascertained) becomes *res adjudicata,* barring a second action for services during a subsequent portion of the period.

The fact that the employee has set forth in his pleading that his suit was for "salary for the months" above indicated cannot avail to split the entire contract so as to defeat the employer's right of set-off. The action in behalf of the employee was one for damages incident to the breach of the contract as an entire one, and not, after breach, for salary for any given month or months. In *Olmstead* v. *Bach,* 78 Md., 132, 27 Atl., 501, 22 L. R. A., 74, 44 Am. St. Rep., 273, the true rule is well stated: "The employee had no option as to the remedies which he might pursue. He was confined to an action for the recovery of damages which he had sustained by a breach of the contract, because successive actions instituted for the recovery of fractions of the same aggregate damages cannot

be supported. His suit before the magistrate was, whatever it purported to be, a suit for the breach of the contract of hiring. . . . There was but one dismissal and but one breach, and the plaintiff could not split up his cause of action, recovering a part of his damages in one suit and the remainder afterwards in other suits, for that single breach.'' A right of action arose, not for unearned wages or salary as such, but for damages for the breach of the contract.

We hold, therefore, that when the contract in question was broken, the employee's cause of action was not for salary, but one for damages growing out of the breach of the contract, which was, as seen, an entire one.

In ascertaining these damages, they will be viewed as being aggregate for the entire term, for the purposes of the complaining employee; and, by virtue of the same principle, any right to deduction, by way of mitigation of damages, arising at any time during the year in behalf of the employer, must be taken into reckoning. Otherwise the employee as plaintiff would be permitted to elect to segregate and include for remedial purposes that part of the year during or in respect of which no factor of mitigation arose, and exclude a subsequent portion of the period in which such counterright did arise.

It is, of course, the rule that whatever the employee has, during the term, in fact received as compensation under a contract with another employer, after dismissal, must be deducted. *Children of Israel* v.

*Peres,* 2 Cold., 620; *Allen* v. *Maronne,* 93 Tenn., 161, 23 S. W., 113; 1 Labatt, M. & S. (2 Ed.), sec. 390.

For error thus indicated, the writ of *certiorari* is granted, and the cause remanded for a new trial; costs of the appeal will be paid by appellee.