W. F. H. GODSON, JR. *v.* BERNARR MACFADDEN.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

THOS. B. FINLEY and ROBERTS & ROBERTS, for plaintiff in error.

W. S. FAULKNER and WALKER & WALKER, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff sued for breach of contract. He charged that defendant employed him in April, 1928, as superintendent of Castle Heights Military Academy at a salary of $8,000 per annum, and wrongfully discharged him. In the first count of the declaration he charges a breach of the contract before expiration of the first year and in the second count the breach of a contract in which no definite period of hiring was fixed.

Profert is made of letters which it is stated in the declaration constitute the written contract. It is not necessary to copy the letters. It is sufficient to say that they do not expressly or by implication fix any period of time for the employment but disclose a hiring at the stipulated salary of $8,000 per annum.

A demurrer to the declaration was overruled by the trial judge after amendments had been made, but he then sustained a motion of defendant to strike from the declaration all matters except such as sought recovery of the alleged unpaid part of the salary for the first year. With that done, defendant filed a plea of tender and paid into court $666.66, being the unpaid balance of the first year's salary. Plaintiff then moved to strike the plea but the motion was overruled and judgment was awarded plaintiff for the sum tendered. Plaintiff thereupon entered a motion for new trial, stating as grounds (1) that the court erred in striking portions of the declaration upon which the claim of damages for a breach of the contract beyond one year was predicated. (2) In limiting the right of recovery to the unpaid balance of salary due for the first year. The motion being overruled, plaintiff appealed and assigned errors. The question for determination is concisely stated in the brief of counsel for plaintiff as follows:

"This case is narrowed down to a single question, which is a construction of the various letters between the parties as to whether the plaintiff's contract was a contract for one year only or whether the contract was intended by the parties as a contract for a longer period of time. The first count of the declaration sued upon the contract as if it were a contract for one year only. The second count sued upon the contract as continuing for a term of years."

■ Agreement to pay a given sum for a fixed period as for a week, a month, or a year, is generally held to be a definite hiring for the particular period and no longer. *Warden* v. *Anderson,* 25 L. R. A. (N. S.), 529; *Watson* v. *Gugino,* 39 L. R. A. (N. S.), 1090, 18 R. C. L., 508.

■ The court must construe unambiguous written contracts. *Barker* v. *Freeland*, 91 Tenn. (18 S. W., 60), 112; *Toomey* v. *Atyoe*, 95 Tenn. (32 S. W., 254), 373.

■ The contract disclosed by the letters made part·of the declaration is not ambiguous. A longer term than a year could not be intruded into the contract between the parties. To do so would require that the court fix some definite term without knowing whether the parties intended two years, five years, or twenty years.

■ The measure of damages for the breach of contract of hiring is what would have come to plaintiff had the contract continued, less what he might earn in some other employment by reasonable diligence. *Railroad* v. *Staub*, 75 Tenn. (7 Lea), 397. Or stated in other words, the measure of the recovery is the contract price, salary or wages for the unexpired part of the term. 18 R. C. L., section 34, p. 523.

No additional elements could enter into the making up·of the measure in the absence of wrongful act tantamount to trespass accompanied by actual or constructive force. None of these elements appear.

The judgment of the trial court is affirmed.