J. H. TODD and wife, SYLVIA TODD, *v.* COLLIE BAUGH and LUCINDA YORK.

(*Knoxville*, September Term, 1954.)

Opinion filed November 16, 1954.

Lee A. Beeler of Knoxville, for appellants.

J. M. UNDERWOOD, of Clinton, BOLT & HENDERSON of Knoxville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from a decree of the Chancellor dismissing a bill of review by Todd and wife, brought to review and set aside a final decree in a cause wherein Collie Baugh and Lucinda York were complainants, and J. H. Todd and wife were defendants. The original cause involved the right of complainants to a decree declaring certain deeds held by Todd to be fraudulent and void, and for incidental damages caused by Todd in trespassing upon the lands in dispute. The Chancellor granted the relief prayed for, holding said deeds to be void, and awarding damages against the defendants in the sum of $2,000. The Chancellor's finding of facts was made a part of the decree. The Chancellor denied a petition to rehear. The decree denying a rehearing is a part of the present transcript by stipulation.

The defendants, Todd and wife, did not appeal, or file the record for writ of error in the Court of Appeals.

The bill of review was demurred to by Collie Baugh and Lucinda York and was sustained by the Chancellor. From this decree Todd and wife appealed to this Court and have filed fifteen (15) assignments of error. We will

refer to the original cause by docket number, the same being 6368.

 It is a settled rule of practice in the Chancery Court that the Chancellor in determining the merits of a bill of review considers only errors appearing upon the face of the record, and not errors which are based upon disputed issues of fact appearing in the record of the original cause.

 The first assignment of error merely complains that the Chancellor erred in sustaining the demurrer to the bill of review. Since the foregoing does not comply with Rule 14, we respectfully decline to discuss it. The second assignment complains that the Chancellor, in hearing Cause 6368 and rendering a decree for $2,000 for unliquidated damage, in a joint action of ejectment and trespass, committed error because the joint action "was collusive and based on evidence used collusively on behalf of each other", that is Collie Baugh and Lucinda York. The foregoing is without merit because (1) it is not an error that appears on the face of the original decree or pleadings, and (2) it is a conclusion of the pleader based upon disputed issues of fact.

 The third assignment complains that it was the duty of the Chancellor to have required separate actions in Cause 6368 as Baugh and York were not owners of the property jointly or as tenants in common, and the court was without jurisdiction to entertain such a joint action. There is no merit in this assignment in the light of Code Section 10406, which provides:

> "*Multifariousness, misjoinder, and non-joinder; motion to dismiss or demurrer.*—Multifariousness, misjoinder, or non-joinder of parties, is not sufficient cause for the dismissal of a bill in equity, unless objection is made by motion to dismiss or demurrer."

310

The fourth assignment has no merit because the original bill was not objected to by defendants as a joint action in trespass or ejectment. Moreover it conclusively appears from Todd and wife's petition to rehear that the cause was not heard as a suit in ejectment, but one involving location of property lines.

The fifth assignment is a repetition of the fourth and is without merit.

■ The sixth assignment should be overruled as a conclusion of the pleader. It is as follows:

"Champerty is apparent from the face of the Bill and Decree in Cause No. 6368 and the Chancellor should have dismissed the Bill on his own Motion."

The assignments, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, and fifteen, are cumulative and argumentative of the first six assignments.

The appellant continues to complain (1) about the misjoinder of parties; (2) that the original cause was an ejectment case and not a suit to determine property lines; (3) that the Chancellor lacked jurisdiction to award unliquidated damages; (4) that it was error for the Chancellor to try the cause upon oral testimony without the written consent of the parties; (5) that it was error for the Chancellor to incorporate his opinion in the decree in Cause 6368.

■ We repeat that appellants cannot complain that the original cause was a suit in ejectment, since they averred in their petition to rehear the following:

"This tract of land adjoined the complainants, who some years later brought this ejectment or boundary suit to determine the boundary dispute between the properties. As petitioner was advised there has been a dispute for quite a while over this boundary line, and complainants undertook to file and did file the

bill in this cause for such purposes. This petitioner under the subpoena to answer filed answer claiming the boundary line as her title papers shown was hers.'' (Tr. p. 32).

By reason of the foregoing averment the appellants are estopped from claiming that the original cause was decided otherwise than as a ''boundary line dispute''. It is not a matter of dispute that the lands involved in Cause 6368 were *adjoining lands*. The original decree shows on its face that the Chancellor tried the cause as involving fraudulent conveyances and also as a *property line dispute*.

■ The five affidavits filed by appellants were properly excluded by the Chancellor in passing upon the merits of the bill of review. It was his duty to look alone to the final decree in Cause 6368 and the pleadings, regardless of charges contained in the bill of review that were inconsistent with said final decree. Moreover this Court ruled in *Proudfit* v. *Picket,* 47 Tenn. 563, ''In bills of review, filed for errors apparent upon the face of the record, the Court can not look to affidavits filed in the cause after the final decree. * * * A bill of review, upon the discovery of new matter, must be filed upon leave of the Court.''

■ The bill in 6368 charged that certain deeds, to wit, one from appellants to Mary Webber and in turn had the said Mary Webber to reconvey the same property to Sylvia Todd, were fraudulent and void. The Chancellor so decreed. Having jurisdiction for this purpose he had jurisdiction to award incidental damages for trespass upon the property of Collie Baugh. Gibson's Suits in Equity (3rd Ed.) Secs. 36-38.

■ Responding to the contention that it was error for the Chancellor to hear the original cause on oral

testimony without the written consent of the parties, we think the objection comes too late in a bill for review. The effect of the statute, Code Section 10564, providing for a hearing on oral evidence by *"written consent"*, is that it had to be complied with if there was to be a hearing *de novo* on appeal. A motion for a new trial was not necessary. *Fonville* v. *Gregory*, 162 Tenn. 294, 36 S. W. (2d) 900. The only effect of a trial upon oral testimony without written consent is that it could not be reviewed on appeal *de novo* as an equity cause. *Wright* v. *Dorman*, 155 Tenn. 189, 291 S. W. 1064; *Fonville* v. *Gregory*, supra. The original cause, 6368, was not appealed. The decree entered, *nunc pro tunc*, based upon oral testimony without objection was a valid and binding decree.

There is no merit in the contention that it was error to try the cause upon oral proof without written consent. The Chancellor was correct in holding that it was too late to cite it as error in the bill for review. To this we must agree.

Finally it is insisted that the Chancellor erred in incorporating his finding of facts in the original decree. The question is controlled by Code Sections 10586 and 10587, which provide:

10586. *"Need not recite facts.*—Decrees need not recite the facts upon which they are based, but only the conclusions to which the court has come."

10587. *"But facts may be stated.*—The foregoing section does not prohibit the parties from stating the facts in the decree, plainly and succinctly, nor the court from directing it to be done."

The final contention of appellants that it was error to enter a joint decree for $2,000.00 in favor of Collie Baugh and Lucinda York and against the appellants is disproved

by the record. There was an award only in favor of the complainant, Baugh.

All assignments are overruled, and the Chancellor's decree is affirmed.