GLADYS C. ORRICK

*v.*

DEXTER K. ORRICK

(*Knoxville,* September Term, 1955)

Opinion filed December 7. 1956.

---

ELY & ELY, Knoxville, for plaintiff in error.

HAROLD B. STONE, RAYMOND L. CRAIG, JR., JAMES F. MARTIN, Knoxville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal by the sureties on a *ne exeat* bond from a decree sustaining a demurrer to the sureties' bill of review seeking to set aside a final judgment on the bond.

On February 9, 1953 the principal Dexter K. Orrick along with the appellant sureties Horner and Barnes entered into a bond which, insofar as here applicable, provides that these sureties,

"acknowledge ourselves indebted to the State of Tennessee for the sum of $500.00 but this obligation to be void if the said Dexter K. Orrick who has been ar-

rested upon writ of *ne exeat* issued in the case of Gladys C. Parsons (Orrick) vs. Dexter K. Orrick in the Domestic Relations Court of Knox County, Tennessee, at Knoxville *shall not leave the said State without permission of said Court, and likewise shall not depart or leave the jurisdiction* of said Court without permission of said Court." (Emphasis ours.)

██ The bill of review was one for errors apparent on the face of the record. This bill was demurred to because, "there are no errors of law in the decree or decrees complained of". The question obviously is whether or not there are any errors of law apparent on the face of the record as set forth and pointed out in the bill of review. In determining these questions it is our duty to see if the decrees complained of and the pleadings upon which they are based contain any errors. In thus considering this case we "cannot look into the evidence in the case in order" to find out whether or not the decree is erroneous in its statement of facts. We must take the facts to be as they are stated in the pleadings and on the face of the decree and some error of law must be pointed out. When the pleadings and the decree do not contain a statement of the material facts upon which the decree is made up then there can be no relief by a bill of review. Gibson's Suits in Chancery, Higgins and Crownover, 4th Edition, page 1030, Sec. 1232, et seq. Immediately following the section of Gibson, we have just referred to, are sections which point out what are errors of law and how these may be ascertained.

This is a divorce suit which was started in the Domestic Relations Court at Knox County in 1949. At the outset of the suit a *ne exeat* was asked for and issued but this had apparently been discharged at the request of

the sureties. Various orders were entered decreeing that amounts of alimony and support for minor children be paid by the defendant. Apparently the complaining wife was apprehensive that her husband leave the State and on the order of the court the *ne exeat* bond above written which is before us in this case was executed by her former husband and the sureties herein appealing.

Insofar as the present suit is concerned it seems that the bill of review questions the motion for a conditional forfeiture made on this bond. On page 76 of the record this motion appears wherein the complaining party through her attorney moved the court to grant her a conditional forfeiture on the bond against these sureties "for the reason that the said Dexter K. Orrick has left the jurisdiction of this Court or the State of Tennessee, in violation of the terms of this bond" * * *. There is affixed to this motion a certificate of the counsel for the defendant in error that he mailed a copy of the motion to these sureties, one of whom is a member of the Bar. This motion also gave notice when the motion would be made.

Following this motion there was an order entered by the court resetting the matter for a day in the future. This order says on its face that the extension of time when the motion was reset was made "at the request of the attorney for the defendant and the said sureties, and with the agreement of counsel for the complainant * * *."

Then on the day that they had agreed to hear the motion the court entered a conditional judgment against the defendant and his sureties by calling the defendant the sureties out. The conditional judgment was based on

the fact that the defendant had failed "to answer the State of Tennessee for the use and benefit of the complainant on his bond made pursuant to the orders of the Court under a writ of *ne exeat republica*, not to leave the jurisdiction of the court without its permission," according to the terms of the bond, etc.

Then follows the final judgment under the terms of the bond against these sureties wherein it is shown that these sureties appeared and made defense and that judgment was rendered against them for failure to comply with the terms of the bond as above described.

From this order the sureties prayed an appeal but apparently, from statements made in the brief and at the Bar, this appeal was not perfected because a paupers oath had been offered and had been refused by the clerk. According to a statement of counsel for the plaintiff in error they all agreed then that the matter would be heard on the present action which is a bill for review on errors apparent on the face of the record.

It seems to us that the final judgment against these sureties recites the facts upon which it is based, including the prior pleadings in the cause and we hold that the judgment granted is entirely warranted by these pleadings. Thus, we find no error in the face of these pleadings which is raised by the bill of review.

■ It is argued very forcefully and assigned as error, that the trial judge erred in rendering judgment against these sureties because there was no evidence before him that the terms of the bond had been violated. The question of whether or not there was evidence before the court or whether the evidence was sufficient to support the allegations of this judgment and the pleadings upon

which it is based is certainly not a matter to be considered in a bill of review for error apparent. Gibson's (*supra*), Sec. 1232, et seq.; *Fuller v. McFarland,* 53 Tenn. 79; *Caldwell v. Huffstutter,* 173 Tenn. 225, 116 S.W.2d 1017; *Wilson v. Schaefer,* 107 Tenn. 300, 64 S.W. 208.

We recited above certain quotations from orders and motions which clearly, to our minds, show that the trial court knew what he was doing and had before him sufficient facts upon which to adjudge that there had been a forfeiture of the terms of the bond. As said above the propriety and question of this judgment on the evidence cannot be inquired into under the cause of action here.

■ The main contention made on this appeal is that the trial court erred in holding that there were no errors apparent on the face of the decree and record and that said decrees were correct in all particulars; when it is said that the trial court should have found that the record shows that subsequent to the execution and filing of the *ne exeat* bond here in question the defendant was taken into custody and later released upon the complainant's application on his own recognizance. It is said that such a release releases the surety from further obligation on this bond.

The record shows that the original defendant had failed to pay alimony to support his minor children in compliance with certain orders of the court and that thus for his failure to comply with the orders of the court he had been arrested and placed in jail. The record also shows that after spending some time in jail the defendant was ordered released on his own recognizance. This arrest and release had nothing to do with the obligation

of these sureties or the defendant under the *ne exeat* bond which was that he would not leave the jurisdiction of the court or leave the State. This arrest was for his contempt and failure to comply with the orders of the court. The only obvious answer to his being released was that he could not pay this alimony while in jail and that he promised if released to pay the alimony.

The argument is that this bond in question is like a bail bond and when the man is picked up and put in custody on a bail bond then his sureties are released. There is a great similarity in these bonds as we said in *Kirby v. Kirby*, 185 Tenn. 408, 206 S.W.2d 404, but they are not the same by any means. The bond in question is to be tested by the terms of the bond from which the applicable parts are above quoted which are to not leave the State or the jurisdiction of the oourt. This bond had nothing to do, as we said above, with the being arrested for contempt. The conditions of this bond are only broken if the defendant, without leave of court, at any time leaves the State or the jurisdiction of the court. When one is arrested for a violation of other decrees in the cause and then released from that his being in custody for that reason does not vitiate the writ of *ne exeat*. So long as the defendant is in custody for contempt, for his failure to pay certain arrears of alimony he cannot depart the State, and the complainant is not injured, but he may satisfy the amount of arrears today, and then depart the State and the complainant be left remediless.

These sureties (one of them is a member of the Bar and acted of counsel through a great deal of this proceeding) do not indicate in any manner that these

sureties applied for or obtained a release from their obligation under this *ne exeat* bond. The record does show that subsequent to the execution of the bond they filed various legal proceedings to escape their obligations thereunder which they had assumed when they signed the bond.

For the reasons stated the judgment below must be affirmed with costs.