WILLIAM WOLFE

*v.*

VOLA WOLFE HAMMER et al.

(*Knoxville*, September Term, 1956.)

Opinion filed June 7, 1957.

THURMAN AILOR, Knoxville, for appellant (complainant).

LEE A. BEELER, Knoxville, for appellees (defendants).

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, William Wolfe, filed his original bill in the Chancery Court of Knox County seeking a review of a former decree of the Court of Appeals and to have the same declared null and void on the ground that it undertook to, and did, determine an issue not within the scope of the pleadings.

The original suit, in which the decree of the Court of Appeals is herein assailed, involved certain water rights which the said complainants claimed were reserved to them in a deed of conveyance. This original bill was filed by *Vola Wolfe Hammer, Adm'x v. William Wolfe.*

The reservation is as follows: ''The party of the first part hereby retains the water right to the spring.''

It seems that prior to this conveyance the spring, and water flowing from it, had been used for domestic purposes, and the ''reservation'' was to enable him, the grantor, to continue that right. The original bill alleged that he (Clyde Wolfe) ''has taken possession of a portion of complainants' barn and cut her stock away from water and pasture and interferes with her possession'' etc. The Chancellor sustained the reservation in and to the alleged water rights, but limited that right to the spring alone. On appeal to the Court of Appeals that court modified the decree and held that the reservation included the right of complainants' cattle to the use of water from the *spring branch.*

An examination of the entire record, including the opinion of the Chancellor and Judge Hale of the Court of Appeals, shows beyond question that the issue as to the reservation of water rights included rights to the use of the spring and rights to water flowing from the spring.

The present suit seeks a nullification of the decree of the Court of Appeals because rights to the "spring branch" was not an issue in the original suit. It is insisted that the decree is impossible of enforcement, and void. The defendants demurred and also moved to strike the bill because the bill, and exhibits thereto (record in the Court of Appeals) merely seek to relitigate the original issues. The Chancellor sustained the defendants' contention and dismissed the bill.

We think the Chancellor was correct and his decree must be affirmed. In support of our view we find that appellant's counsel in his petition for *certiorari* to this Court assigned as error the following:

"The Honorable Court of Appeals erred in reversing a part of the Decree of the Chancellor, and particularly in decreeing that the reservation of the water right to the spring authorized the Complainants to have their stock go over and across the land of Defendant *to drink at the spring branch*. It should have found and held that the reservation authorized Complainants to take water from the spring, as found by the Chancellor and as conceded by the Defendant at all stages of the proceedings." (Emphasis ours.)

The supporting brief of counsel clearly shows that the original suit dealt with every phase of the alleged "reservation of water rights".

The original suit involved the location of alleged property lines and also water rights. Judge Hale in his opinion discussed both issues at length, and the evidence relating thereto. Among other things he said: "While this suit was brewing the defendant erected a wire fence

along the dividing line, using the iron pin as a corner, *which cut complainants off from using the spring* in question which was on the defendant's land, some 250 feet from the line between the parties." (Emphasis ours.)

He then discussed the meaning of water rights to the spring and the evidence relating to that issue. He observed that the facts revealed "that the parties each knew this water had two uses, one from the spring for household use, and two, from the *spring branch* for the use of their cattle."

The defendant was insisting that the complainants had no right to use this spring branch for watering their stock.

We think his construction of "water rights in the spring" was correct in that it included water flowing from the spring. This was an issue from the beginning of this long drawn out lawsuit.

In the present suit the bill complains that the fence cuts the complainant's land apart and thereby is a serious damage to its use and value. Now the original fence, referred to in Judge Hale's opinion, which was alleged to be an interference with the then complainants' use of the spring, was an important issue in the original suit.

The first assignment of error complains that "The learned Chancellor erred in failing and refusing to require the defendants to interpose their defenses in the order prescribed, so that the cause could proceed in an orderly manner. He should have held that the filing of a demurrer operated to waive defenses made by plea in abatement and motion to dismiss. And he should have held that the filing of an answer operated to waive de-

fenses made by all previous defenses, including plea in abatement, motion to dismiss, and demurrer.''

The second assignment is: ''The learned Chancellor erred in ignoring the allegation in the bill to the effect that the decree of the Court of Appeals was physically incapable of being executed on the ground. And he erred in ignoring the allegation that the execution of the decree would destroy the farm of complainant to the extent of from fifty to eighty percent, and at the same time would not result in any benefit to defendants, for the reason that it had been established in the former case that defendants had not been damaged by being cut off from the use of the spring.''

In deciding the present controversy the Chancellor considered not only the formal allegations of the bill and other pleadings, but gave consideration to the entire record in the original suit, including the opinion of Judge Hale and the action of this Court in denying the petition for *certiorari*. He filed a short ''memo'' as follows:

''The original bill was filed by William Wolfe against Vola Wolfe Hammer et al., No. 37377, in which it is maintained that a decree rendered by the Court of Appeals pertaining to the use of water in the branch, was not embraced in the pleadings in the case of *Vola Wolfe Hammer, Adm'x v. Bill Wolfe,* No. 34244. To this original bill was filed a motion to strike a demurrer and a plea, in all of which it was asserted that the bill should be dismissed because the matters alleged in the original bill No. 37377 had been fully considered by the Court and disposed of in Cause No. 34244.

"It appearing to the Court that the complainant, William Wolfe, in his former law suit No. 34244 in his petition for writ of *certiorari,* expressly raised the question of whether or not the pleadings extended to the right to use the water from the spring branch and that this was considered by the Supreme Court, resulting in a denial of the petition for writ of *certiorari* as not being well taken.

"This being the case, the Court sustains the motion to strike (which amounts to a motion to dismiss the bill) the demurrer and the plea, and the bill is accordingly dismissed, with costs against the complainant."

██ .Following the filing of the foregoing memo on September 11, 1956, the defendants' counsel filed a motion that a decree be entered in accordance with the memo. Complainant's counsel was duly notified of this motion, and that it would be made on October 11, 1956. This motion was sustained and a decree entered accordingly. At no time, either before or after the memo was filed, did complainant make any request that the defendant be required to elect as to their defenses.

It thus appears that the Chancellor found from *an examination of the record* that the issues raised had been considered by the Court of Appeals and also this Court. It was for this reason he dismissed the bill.

██ ██ The Chancellor treated the action as a "bill of review". We are not disposed to entertain a contrary view. We think it is settled law in this and other jurisdictions that "the Chancellor in determining the merits of a bill of review considers only errors appearing upon the face of the record, and not errors which are based

upon disputed issues of fact appearing in the record of the original cause." *Todd v. Baugh,* 197 Tenn. 306, 273 S.W.2d 2, 4, and cases cited. See also *Cantrell v. Burnett & Henderson Co.,* 187 Tenn. 552, 216 S.W.2d 307, and cases cited; *Boyd v. Robinson,* 93 Tenn. 1, 23 S.W. 72; *Sale v. Eichberg,* 105 Tenn. 333, 59 S.W. 1020, 52 L.R.A. 894.

Contention is now made in the second assignment of error that the decree of the Court of Appeals and of the Chancellor in complying with it on the remand is of no benefit and hence defendants are not damaged. In other words, that the ditch through which water flows from the spring (the spring branch) is so far below the level of the ground that live stock cannot get to it.

There is nothing in the record to show any change in the condition of the premises from what it was in the original suit. The condition of the premises is the same and the parties are the same as when the original suit was filed and later decided by the Court of Appeals. In fact no change in the premises is alleged in the present bill from what they were originally.

It is conceded that the present suit is a direct attack on the decree of the Court of Appeals, and also upon this Court. We think a bill thus attacking a final decree of an appellate Court will not lie unless it charges fraud, accident or mistake. In *Hurt v. Long,* 90 Tenn. 445, 16 S.W. 968, 969, the Court holds:

"These authorities were not deemed conclusive of the question as to the right to file a bill of review in the chancery court to review a decree of the supreme court, and so that exact question was made in a case at

Knoxville in 1847. It was then held that no bill of review lies in the chancery court to review a decree of the supreme court. *Wallen v. Huff,* Thomp. Cas. 21.''

See *Wallen v. Huff,* 1 Tenn. Cas. (Shannon), 4, Thomp. Cas. 21, in which it is held: ''No bill of review lies in the chancery court or in this court to review a decision of this court.'' Another case directly in point is *Murphy v. Johnson,* 107 Tenn. 552, 64 S.W. 894.

██ ██ When a judgment or decree of the Court of Appeals or this Court is pronounced and entered of record, the aggrieved party is privileged under the rules of the Court to file a petition to rehear for the purpose of correcting errors. Where any such judgment or decree has become final, it will not be subject to review by either party except for fraud, accident or mistake. A bill of review will not lie to reconsider issues of fact which were part of the original cause, even though the decision may have an adverse effect upon the rights of the aggrieved party which was not fully recognized or anticipated by him or his counsel at the time of its rendition. The contention of counsel in this regard is not sustained by the record, even if it could be considered as sufficient ground to support a bill of review. In the case at bar it cannot be so considered.

We gave full consideration to the petition for *certiorari* and denied it. There was no petition to rehear. The bill in the instant case was not filed until almost two years after the petition for *certiorari* was denied. In these circumstances a bill of review cannot lie to secure a revision of the original decree, or set it aside as null and void. For us to recognize such a practice would

result in the utmost confusion and uncertainty as to when the rights and interests of litigants have been finally and conclusively adjudicated.

The assignments of error are overruled, and the Chancellor's decree is affirmed.