Segal **JEFFERS**, Chairman, et al.,
Appellant,

v.

Carmel **STANLEY**, Appellee.

Supreme Court of Tennessee.

Nov. 6, 1972.

Clifton Sexton, Scott County Atty., Oneida, for appellants.

Charles B. Sexton, Sexton, Sexton & Beaty, Oneida, for appellee.

## OPINION

ERBY L. JENKINS, Special Justice.

This is an appeal by the Scott County Board of Education from the action of the Chancellor in modifying, upon a bill of review, a decree previously entered against the Board and in favor of the appellee, Carmel Stanley. For the purposes of this appeal, the parties will be referred to as they appeared in the court below, Carmel Stanley as plaintiff, and the Scott County Board of Education as defendant.

Plaintiff filed his original bill on November 7, 1964, alleging that the defendant had contracted to employ him as a teacher of the seventh grade in the Burchfield Elementary School in Oneida at a salary of $4,600.00; that on October 8, 1964, notwithstanding the terms of that contract the defendant undertook to transfer him to another school; and that in so doing the defendant arbitrarily and capriciously breached its contract, causing plaintiff to suffer damages of $3,833.34, a sum equal to the remainder of his yearly salary under the contract.

The defendant School Board filed an answer on July 8, 1965, admitting the contract and its attempt to transfer the plaintiff, but denying any liability for breach of contract.

On June 19, 1970, the Chancery Court entered the following decree:

"This cause came on to be held on the _____ of _____ upon the bill of the complainant, the answer of defendants, testimony of witnesses in open court, and upon the entire record and the Court finds the following:

"1. That the complainant, Carmel D. Stanley, is entitled to one month's sala-

ry; that the court makes no ruling as to whether or not he would be entitled to further compensation in view of the fact that his suit was filed before the completion of the school year for which he was hired.

"2. That the costs be assessed equally between complainant and defendant.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the complainant have and recover of the defendant an amount equal to his monthly salary based on his contract of $4,600.00 per year.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complainant is not entitled to additional compensation upon the bill now before the Court.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cost of this cause be assessed equally between the complainant and defendant.

"Enter this 19 day of June, 1970.
/s/ A. G. SHUMATE,
Chancellor"

On January 6, 1971, plaintiff filed the bill of review now before the Court, reciting the above matters and contending that the damages awarded him by the decree of June 19, 1970, were legally insufficient because under the law and the pleadings of the case the damages awarded should have been the full amount of unpaid yearly salary under the contract.

After the defendant's answer, and arguments of counsel before the court, the Chancellor held the previous decree to be "erroneous on its face as a matter of law, in that the court did not apply the correct rule of law pertaining to damages for a breach of contract." He gave judgment for the plaintiff in the amount of $3,833.-34, less all sums paid the plaintiff since the original decree, and granted the defendant leave to appeal.

The principal question before the Court, raised by the defendant's first two assignments of error, is whether there is in the record of the original case a proper basis for relief by way of bill of review for errors of law apparent on the face of the record. In order for such a bill to lie there must be errors of law patent on the face of the pleadings and decree; that is, the facts must be taken to be as shown by the pleadings and decree, and it must appear that the court erred in its application of the law to those facts. Verdanatti v. Sexton, 2 Tenn.Chan. 699 (1877); Orrick v. Orrick, 200 Tenn. 696, 296 S.W.2d 825 (1956); Todd v. Baugh, 197 Tenn. 306, 273 S.W.2d 2 (1954). If "the pleadings and decree do not contain a statement of the material facts on which the decree proceeds, it is plain that there can be no relief by a bill of review." Gibson's Suits in Chancery, § 1296 (5th Ed.).

The law applicable to the original case is clear. Both parties agree that the proper measure of damages for breach of a contract of employment is the salary contracted for less any payments and less any amount that was, or in the exercise of reasonable diligence, should have been earned by the plaintiff during the contract term. Allen v. Maronne, 93 Tenn. 161, 23 S.W. 113 (1893). Likewise, it is not disputed that an action for breach of a contract of employment may be brought prior to expiration of the contract term, and if so, that the damages to be awarded are those incident to the whole term, and not merely to the portion of the term that has expired when the action is brought. Menihan v. Hopkins, 129 Tenn. 24, 164 S.W. 775 (1913); Railroad Company v. Staub, 75 Tenn. 397 (1881).

The disagreement in the case is whether the record shows the material facts upon which the Chancellor made his decree. The defendant insists that these facts cannot be determined without looking to the evidence introduced, so that relief by bill of review is improper. This insis-

**740**

tence is based on the argument that proof of mitigation of damages, or other evidence in support of the award of one month's salary as damages may have been considered by the Chancellor and may have provided the basis for his decree.

If the decree had simply awarded damages and gone no further, the defendant's point would be well taken. But the decree did go further. While not reciting in detail the facts upon which it was based, by plain and unavoidable implication the decree established that: (1) The Chancellor found that the defendant had breached its contract as alleged in the plaintiff's bill; and (2) that as the Chancellor understood the law, the plaintiff's suit was premature, except as to the damages incident to the one month period between the time the breach of contract occurred and the date suit was filed. Looking to the pleadings and decree together, no other inference is possible, and it follows that in applying a mistaken view of the law pertaining to breaches of employment contracts the Chancellor committed an error of law which is apparent on the face of the record.

The defendant argues that the portion of the decree in which the Chancellor indicated his view of the applicable law should be disregarded as surplusage, not being justified by the pleadings. This argument is without merit. The Chancellor had properly before him the question of damages for breach of contract, and his application of the law to that question in no way went beyond the pleadings in the case.

■■ One final point needs to be noticed; by its final two assignments of error the defendant argues that the plaintiff is entitled to no relief because the record does not show that he mitigated his damages by the exercise of due diligence in producing earnings during the remainder of the term, as required by Allen v. Maronne, supra. It is sufficient to say that the burden in such cases is on the defend-

ant to establish matters in mitigation of damages, International Correspondence School, Inc., v. Crabtree, 162 Tenn. 70, 34 S.W.2d 447 (1931), and no such pleading was made by the defendant.

It follows from all of the above that the assignments of error are overruled, and the decree of the Chancellor below sustaining the plaintiff's bill of review is affirmed.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

CRESON, J., not participating.