IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(Heard at Nashville)
June 14, 2001 Session

## CORA B. CANTRELL, ET AL. v. KNOX COUNTY BOARD OF EDUCATION, ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Knox County**
**No. 2-774-93      Harold Wimberly, Judge**

---

**No. E1999-01557-SC-R11-CV - Filed August 23, 2001**

---

The issue in this appeal is whether non-certified, non-tenured teacher aides have under state law a reasonable expectation of continued employment beyond the term of their written contracts such that they are entitled to back pay and benefits beyond the expiration of their contract period. We conclude that teacher aides do not have a reasonable expectation of continued employment. Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the trial court is reinstated.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Reversed**

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Michael W. Moyers, Knox County Law Director and Mary Ann Stackhouse, Deputy Law Director, Knoxville, Tennessee, for the appellants, Knox County Board of Education and Allen Morgan, Superintendent of the Knox County Department of Public Instruction.

Herbert S. Moncier, Knoxville, Tennessee, for the appellees, Cora B. Cantrell, Joan I. Dozier, Sandra C. Barnard, Margaret H. Schaefer, and Mildred A. Morrell.

### OPINION

### Background

Plaintiffs, Cora Cantrell, Joan Dozier, Sandra Barnard, Margaret Schaefer, and Mildred Morrell, non-certified, non-tenured teacher aides, signed a written contract with the defendant, Knox

County School Board ("Board").[1]  The contract was for a 200-day period – August 18, 1993 to June 2, 1994 – which covered  the 1993-94 school year, with salaries ranging from $9,066 to $12,642.

In early September 1993, the plaintiffs were advised that they would be required to attend a training session on clean intermittent urinary catheterization.[2]  The plaintiffs refused to attend the training.  On September 28, 1993, individual conferences were held with the plaintiffs about their refusal to attend, and another training session was scheduled in November to give the plaintiffs another opportunity to learn the procedure.  The plaintiffs were advised that failure to attend the training in November would be considered insubordination and would result in the Superintendent recommending their termination.

Nonetheless, the plaintiffs refused to attend the training in November, and each was advised by letter dated November 23, 1993, that the Superintendent would recommend her termination to the Knox County Board of Education at its December 1, 1993 meeting and that the plaintiffs could attend the hearing and oppose the Superintendent's recommendation.

The matter was presented to the Board at its meeting on December 1, and a record was made. At the close of the hearing, the Board voted to terminate the plaintiffs' contracts on grounds of insubordination.  The plaintiffs filed a petition for certiorari in the Knox County Circuit Court.  After ruling on a wide variety of claims, most of which are not at issue in this Court on appeal,[3]  the trial court concluded that the Board's decision to terminate the contracts was "arbitrary" because the Board had a policy that did not require teacher aides to perform the catheterization procedure if the supervising nurse or the teacher aide was uncomfortable doing so.  As a remedy, the trial court awarded the plaintiffs back pay and benefits for the remainder of their contract period, along with pre-judgment interest at the rate of eight percent (8%) from the end of the contract period until the entry of final judgment.

The plaintiffs appealed.  The Court of Appeals affirmed the trial court's decision as to arbitrariness, but the intermediate court concluded that the plaintiffs could have had an enforceable reasonable expectation or reasonable assurance of continued employment beyond the term of their

---

[1] The plaintiffs have also brought suit against Allen Morgan, in his capacity as Superintendent of the Knox County Department of Public Instruction.  For ease of reference, the defendants are referred to collectively throughout this opinion as the Board.

[2] This procedure is performed on children with neurogenic bladders and involves the insertion of a thin plastic catheter into the urethra to drain the bladder.  See Irving Independent School Dist. v. Tatro, 468 U.S. 883, 885, 104 S. Ct. 3371, 82 L. Ed. 2d 664, 669 (1984).

[3] The plaintiffs' initial complaint raised many claims including a claim under the Education Truth in Reporting and Employee Protection Act, a claim for retaliatory discharge, a claim under the Tennessee Human Rights Act, and a claim that the plaintiffs would have been committing a Class B misdemeanor offense had they complied with the Board policy because the catheterization procedure was the practice of nursing by an unlicensed person in violation of Tenn. Code Ann. § 63-7-120.  The trial court transferred to the Chancery Court the plaintiffs' claim under the Tennessee Human Rights Act, and dismissed the other claims.

contracts such that they may be entitled to back pay and benefits beyond the expiration of their written contracts. Because the record on this issue was not developed, the Court of Appeals remanded to the trial court for further proceedings.

Thereafter, both the plaintiffs and the Board filed applications for permission to appeal. We denied the plaintiffs' application.[4] However, we granted the Board's application to determine the correct measure of damages for non-certified, non-tenured teacher aides whose 200-day written contracts are arbitrarily terminated by the Board before expiration of the contracts. Specifically, we must determine whether the Court of Appeals erred in concluding that the plaintiffs may have had an enforceable reasonable expectation or assurance of continued employment which entitles them to back pay and benefits beyond the term of their written contracts. For the following reasons, we conclude that non-certified, non-tenured teacher aides do not have a reasonable expectation or assurance of continued employment beyond the term of their written contracts. Therefore the judgment of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

**Analysis**

We begin with fundamental employment law principles. First, we note that the employment-at-will doctrine has been an integral part of the common law of Tennessee for more than a century. This doctrine applies in the absence of a contract of employment, and it means that an employment relationship generally can be terminated by either the employer or the employee with or without cause. See Bennett v. Steiner-Liff Iron and Metal Co., 826 S.W.2d 119, 121 (Tenn. 1992). Therefore, in Tennessee, unless there is a contract of employment for a definite term, a discharged employee may not recover against an employer because there is no right to continued employment. See Forrester v. Stockstill, 869 S.W.2d 328, 330 (Tenn. 1994).

In contrast, a definite term employment contract ordinarily may not be terminated before the expiration of the contract period, except for good cause or by mutual agreement. Bennett, 826 S.W.2d at 121. When a contract of employment is breached, the proper measure of damages is the salary that would have been earned had the contract not been breached, less any amount the employee earned or should have earned in the exercise of reasonable diligence in some other employment during the unexpired contract term. See State ex rel. Chapdelaine v. Torrence, 532 S.W.2d 542, 550 (Tenn. 1975); Jeffers v. Stanley, 486 S.W.2d 737, 739 (Tenn. 1972); Akers v. J.B. Sedberry, Inc., 286 S.W.2d, 617, 622 (Tenn. Ct. App. 1955); Godson v. MacFadden, 39 S.W.2d 287, 288 (Tenn. 1931).

In this case, the plaintiffs had a 200-day contract of employment with the Board which was terminated before the end of the term. The trial court found that the termination was arbitrary, and the Board did not appeal that finding. The Board concedes that the plaintiffs were not employees-at-will during the term of the contract, that the trial court's finding of arbitrary contract termination

---

[4] Plaintiffs raised the following issue: Whether the teacher aides have a cause of action under the Education Truth in Reporting and Employee Protection Act of 1989?

amounts to a finding that the Board breached the contract, and that the finding of breach entitles the plaintiffs to an award of damages. The Board argues that the trial court correctly limited the damage award to back pay and benefits for the unexpired term of the plaintiffs' contracts. We agree.

> The purpose of assessing damages in breach of contract cases is to place the plaintiff as nearly as possible in the same position she would have been in had the contract been performed, <u>but the nonbreaching party is not to be put in any better position by recovery of damages for the breach of the contract than he would have been if the contract had been fully performed.</u>

<u>Lamons v. Chamberlain</u>, 909 S.W.2d 795, 801 (Tenn. Ct. App.1993) (emphasis added). Were we to uphold an award of damages beyond the term of these contracts, these plaintiffs would be placed in a better position than they would have been in had the contracts been fully performed. This is true because there are no Tennessee statutes which afford non-certified, non-tenured teacher aides a reasonable expectation or assurance of continued employment beyond the term of their written contracts. But for the definite term contracts, these plaintiffs would have been at-will employees. It therefore follows that the plaintiffs had no reasonable expectation of continued employment beyond the term of their contracts.

As the Board points out, teacher aides are not eligible for attainment of tenure under the Teacher Tenure Act. <u>See</u> Tenn. Code Ann. § 49-5-501(10) (listing "teachers, supervisors, principals, superintendents and all other certificated personnel" as tenure positions). <u>Cf.</u> <u>Moore v. Board of Education of Johnson City Schools</u>, 134 F.3d 781, 786 (6th Cir. 1998) (holding that time during which teacher was previously employed as teacher aide did not count toward calculation of probationary period required to establish permanent tenure under Tennessee Teacher Tenure Act). In fact, both the 1990 and the 1996 statutes provide that teacher aides may only be employed in non-teaching positions and that teacher aides are subject to the supervision of certificated teachers. <u>See</u> Tenn. Code Ann. § 49-2-203(a)(1)(B)&(C) (1996); Tenn. Code Ann. § 49-2-203(a)(1)(B) & (C) (1990). These statutes clearly indicate that teacher aides do not perform the same functions as teachers and are not afforded tenure as teachers.

Moreover, the Knox County Charter ("Charter") upon which the plaintiffs rely does not afford them tenure or civil service protection. The Charter states that "teachers, supervisors of instruction, clerks and secretaries" employed by the Board may attain tenure. Conspicuously absent from the Charter's list of tenured positions is teacher aides. The plaintiffs argue that this provision should be interpreted to afford tenure to teacher aides because they perform functions and have responsibilities similar to the functions and responsibilities of the positions specifically listed in the Charter provision. We cannot agree. As previously stated, state statutes mandate that teacher aides be employed only in non-teaching positions and be subject to the supervision of certificated teachers. We decline to interpret the Charter in a manner that would conflict with state law.

Also without merit is the plaintiffs' argument that Tenn. Code Ann. §§ 49-2-203(a)(7) affords them civil service protection and a concomitant reasonable expectation of continued employment. The statute provides as follows:

> It is the duty of the local board of education to: [e]xcept as otherwise provided in this title, dismiss teachers, principals, supervisors, and other employees, upon sufficient proof of improper conduct, inefficient service, or neglect of duty; provided, that no one shall be dismissed without first having been given in writing due notice of the charge or charges and an opportunity for defense. . . .

According to the plaintiffs, this statute contemplates that no employee be dismissed except for cause and that every employee be given pre-termination due process. Consequently, the plaintiffs argue, teacher aides are not employees-at-will and therefore are entitled to back pay and benefits beyond the one-year contract term. We disagree. As the Board correctly points out, this statute sets forth the grounds that are considered good cause for contract termination or dismissal and the process to which an employee is entitled before contract termination or dismissal. The plaintiffs have never contended that they were denied the pre-termination notice and opportunity for defense which the statute contemplates. In addition, the plaintiffs have prevailed on their claim that good cause for terminating their contracts did not exist, and as the Board concedes, the plaintiffs clearly are entitled to damages for that breach. Therefore, these plaintiffs have been afforded all the benefits provided by this statute. This statutory provision simply does not give rise to a reasonable expectation of employment beyond the contract period.[5] It simply delineates the plaintiffs' rights during the contract period.

The plaintiffs also argue that their one-year contracts with the Board were *ultra vires* and void. Again, we disagree. Both parties agree that Tenn. Code Ann. § 49-3-301(f)(32), requiring that persons employed in a position for which no teaching license is required be hired on a year-to-year contract, did not become effective in Knox County until 1996, three years after the events in this case occurred.[6] However, in our view, this fact has no bearing on the resolution of this appeal. The plaintiffs have not pointed to a statute prohibiting the Board from entering into year-to-year contracts

---

[5] In their supplemental brief, the plaintiffs also relied upon Tenn. Code Ann. § 49-2-301(f)(33)(1996), which provides that "[t]he superintendent may dismiss any employee under the superintendent's jurisdiction for incompetence, inefficiency, insubordination, improper conduct or neglect of duty; provided, that no one shall be dismissed without first having been given in writing, due notice of the charge or charges and an opportunity for defense." However, for the reasons explained in footnote 6, this statute was not effective in Knox County when the events giving rise to this appeal occurred and has no bearing on this case. However, even if this statute had been effective, the analysis applied and conclusion reached with respect to Tenn. Code Ann. § 49-2-203(a)(7) would have applied with equal force to this statute.

[6] As the plaintiffs assert, subsection 32 was added to this statutory scheme by Section 13(2) of Chapter 535 of the 1992 Public Acts. Section 90 of Chapter 535 suspended the effective date of Sections 6 through 26 of Chapter 535 "until such time as the superintendent is appointed by the local Board of Education," 1992 Public Acts 535, § 90. The parties to this appeal stipulated that the Knox County Board of Education appointed a superintendent in June of 1996. Therefore, subsection 32 did not become effective in Knox County until 1996.

with teacher aides. The absence of a statute authorizing year-to-year contracts does not mean that such contracts were prohibited. There simply was no statute specifically addressing the issue. However, year-to-year contracts were consistent with applicable law. The State allocated funds to boards of education on an annual basis, and the State's decision as to how many teacher aides would be funded annually was based upon attendance within the school district during the first three months of the preceding academic year. See Tenn. Code Ann. § 49-3-306 (1990). This statute would seem to preclude long-term contracts. Moreover, another statute required local boards of education to elect and assign school personnel for the next academic year on or before May 15 of the current academic year. See Tenn. Code Ann. § 49-5-401(a)(1990). Given the annual funding provision and the deadline for advising school personnel whether they would be hired for the next school year, year-to-year contracts clearly were consistent with the statutory scheme.

Also without merit is the plaintiffs' contention that the Knox County Schools Handbook ("Handbook") gave rise to a reasonable expectation of continued employment. As support for their argument, the plaintiffs rely upon Handbook Section 5004.11, which is titled, "Evaluation of personnel in non-tenurable positions." This Section states:

> The principal/supervisor shall submit a list of recommended employees for re-employment by June 15 of each year. The recommendation shall be based on an evaluation of the employee involved. A newly hired employee will be evaluated three times within a five-year span and then once every five years for the remainder of his/her employment. However, the principal/supervisor and/or the employee may request an evaluation in any given year.

The plaintiffs argue that this Section contemplates continuing employment because it delineates the number of evaluations that are to be conducted over a five-year period. We disagree. In our view, this Section does not entitle a person in a non-tenurable position to five years of continued employment. It simply delineates the number of evaluations that are to be conducted if the same person is employed in a non-tenurable position for a five-year period.

As the Board points out, other portions of the Handbook clearly lead to the conclusion that teacher aides are not afforded tenure or a reasonable expectation of continued employment. First, 5001.02 provides that only clerks and secretaries enjoy the rights established in the Private Tenure Act of Knox County Schools. Next, Section 5004.02 provides:

> Appointments are made annually except for those persons (clerks and secretaries) who have attained tenure. Contracts will be given to each employee, except food services, custodial, and maintenance personnel, indicating the number of days of employment as established by the Board. The Board will give a thirty-day notice to the employee if the services are to be terminated. The employee is expected to give a thirty-day notice to the Board prior to termination. Mutual agreement of a termination date can shorten or eliminate this period.

(Emphasis added.) The Handbook further provides at Section 5004.07(1) that "Knox County personnel who do not attain tenure status may be dismissed by the Board of Education when their services are not satisfactory or when services are no longer required."

Since teacher aides do not attain tenure, they may be dismissed if their services are not satisfactory or if their services are no longer required, so long as the Board gives thirty days notice. In this case, the plaintiffs were advised on September 23, 1993, that their failure to attend the training session in November would result in a recommendation of contract termination. The plaintiffs therefore were afforded all the rights to which they are entitled by the Handbook, including thirty days notice.

Finally, the plaintiffs' reliance upon Cannon v. Traughber, 1990 WL 83396 (Tenn. Ct. App. 1990) is misplaced. The issue in that case was whether the teacher aides had a "reasonable assurance" of continued employment for purposes of unemployment compensation eligibility. The United States Department of Labor had issued a letter to all state employment agencies defining the phrase "reasonable assurance" for purposes of unemployment compensation eligibility. The Court of Appeals in Cannon was applying the definition provided by the Labor Department. While teacher aides may have a reasonable assurance of continued employment under Labor Department definitions such that they are ineligible for unemployment compensation benefits, this does not mean that they also have a reasonable expectation of employment which entitles them to back pay beyond the term of their contracts. Cannon is wholly inapplicable where the issue is the proper measure of damages for breach of an employment contract. As previously stated, the proper measure of damages for breach of an employment contract is the salary that would have been earned had the contract been performed, less any amount the employee earned or should have earned in the exercise of reasonable diligence in some other employment during the unexpired contract term. See, e.g., Torrence, 532 S.W.2d at 550. The trial court correctly applied this measure when awarding the plaintiffs in this case damages.

### Conclusion

Having concluded that the plaintiffs did not have a reasonable expectation of continued employment beyond their contract term, the judgment of the Court of Appeals is reversed. The judgment of the trial court is reinstated. Costs of this appeal are taxed to the plaintiffs, for which execution may issue if necessary.

FRANK F. DROWOTA, III, JUSTICE