ELLIS *v.* BRABSON.

(*Knoxville.* October 16, 1897.)

1. DEDICATION. *What constitutes.*
   A dedication of land for a highway is complete where the way is thrown open, the intention to dedicate is shown, and there is acceptance by public user. (*Post, p. 540.*)

2. COURT OF CHANCERY APPEALS. *Finding of, conclusive, when.*
   A finding of the Court of Chancery Appeals of an intention to dedicate land for a highway, is such finding of a fact as is conclusive upon this Court. (*Post, pp. 540, 541.*)
   Case cited: Bank *v.* Evans, 95 Tenn., 706.

---

FROM SEVIER.

---

Appeal from Chancery Court of Sevier County. H. B. LINDSAY, Ch.

GEO. L. ZIRKLE, H. N. CATES, and WASHBURN, PICKLE & TURNER for Ellis.

J. R. PENLAND, W. W. MULLENDORE and WEBB & McCLUNG for Brabson.

McALISTER, J.   This is a contest over a road running over the lands of defendant and one Murphy. The theory of complainants is that the road

Ellis v. Brabson.

is a public road by dedication, and, if not a public road, that complainants have acquired a private right of way over it by prescription arising from long user. The defendant closed that part of the road on his land, and complainants filed this bill to compel defendant to reopen it, and also to enjoin him from further obstructing it.

The Court of Chancery Appeals find, after an elaborate review of the facts, that the road in question was dedicated, over forty-five years ago, by John Brabson, Sr., the owner of the land at that time, as a public highway, and that the same has never been abandoned, and that complainants, as members of the public and as having special interests in said road, are entitled to have it kept open and free from obstruction.

That Court also found that complainants are entitled to an easement or right of way over this land by prescription arising from use for a period of more than twenty years by themselves and their ancestors. There had been, says the Court of Chancery Appeals, an uninterrupted use of this road by the owners of this tract of land, on which complainants live, until a few years before this suit was brought, for a period of nearly twenty-five years. The Court of Chancery Appeals, therefore, reversed the decree of the Chancellor, and granted complainants full relief.

Defendant appeals, and assigns as error, first, the action of the Court of Chancery Appeals in holding,

upon the facts found by it, that the road in question was dedicated by John Brabson as a public highway; second, that said Court holds that complainants are entitled to an easement or right of way over said road by reason of prescription arising from user for more than twenty years, it not appearing, from the proof, that said user was adverse and under a claim of right.

In respect of the question of dedication, the Court of Chancery Appeals correctly held, viz.: "That no formality is required, and that it is not affected by the statute of frauds; that it may be made either with or without a writing, and by any act of the owner, such as the throwing open of his land to the public travel, or platting it or selling lots bounded by streets or roads designated as such, or an acquiescence in the use of his lands for a highway, and that the dedication is proved in most cases by' matter *in pais*, and not by deed. The vital principle is the intention to dedicate, and this, it is said, must be unequivocally manifested. When the way is thrown open and the *animus dedicandi* is shown, and there is acceptance by the public user, the dedication is complete. It is said dedication is a conclusion of fact to be drawn by the jury from the circumstances of each particular case, the sole question, as against the owner of the soil, being whether there is sufficient evidence of an intention on his part to dedicate the land to the public as a public highway."

Ellis *v.* Brabson.

Guided by these principles, which are clearly correct, the Court of Chancery Appeals found, from the facts and circumstances put in evidence, there had been a dedication of this road to the public, and such dedication was intended by John Brabson, Sr., the ancestor of defendants.

In *Bank* v. *Evans*, 11 Pick., 706, this Court held that the jurisdiction of the Court of Chancery Appeals is not limited to a determination of the probative effect of direct testimony, but it is within their province, like that of a jury, to make all legitimate and reasonable inferences in respect of intent from facts and circumstances put in evidence. In that case we cited Elliot on General Practice, in which it was said "that the question of domicile, of the revocation of a will, and of dedication, is usually a question of fact, or mixed questions of law and fact, to be determined by the jury, and so were questions of intent to abandon a homestead, to evict a tenant, and the like." So that, under the authorities, the finding of the Court of Chancery Appeals of an intention to dedicate on the part of Brabson, is conclusive of that question. As this question is decisive of the case, we do not notice the second assignment of error.

Affirm the decree.