McKinney *et ux. v.* Davidson County *et al.*

(*Nashville*, December Term, 1952.)

Opinion filed January 15, 1953.

690

ROBERT H. POLK, of Nashville, for plaintiffs-in-error.

HORACE OSMENT, County Attorney, of Nashville, for defendants-in-error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit began as a condemnation suit by Davidson County for use of the State in widening Nolensville Pike. The suit as filed sought to condemn a strip of land approximately 7 feet wide off of the western side of the property of the plaintiffs in error and extending about 167.8 feet in length. The jury of view duly appointed made their award as to the 7 feet thus taken. The plaintiffs in error countered this proposition with the assertion that, instead of taking from them a strip of land 7 feet by 167.8 feet, the County was taking a strip of land 37 feet wide by 167.8 feet. This claim came about by reason of the fact that for many years prior to the conveyance to the plaintiffs in error of the property that they now

own their predecessor in title had conveyed a right-of-way to the Nashville Railway & Light Company along the westerly side of this property 30 feet in width with the provision in the right-of-way deed to the Nashville Railway & Light Company that in the event of non-user the strip of land should revert to the grantor or his heirs or assigns.

The question in dispute was submitted to the trial judge under a stipulation of facts with various and sundry plats and deeds in support thereof. The trial judge found that this 30 foot area, formerly occupied by the Nashville Railway & Light Company, had been dedicated to the public for road purposes. From this finding of the trial judge the plaintiffs in error have appealed to this Court and we now have the matter for disposition.

If the defendants in error prevail, as they did below, it is necessary for the record to show that there has been a dedication to the County for road purposes of the 30 foot strip of land in question. If the record shows that there has been no dedication of this 30 foot strip of land then the land would revert to the plaintiffs in error upon the abandonment of the easement of the Nashville Railway & Light Company and the plaintiffs in error would have a fee and be entitled to reasonable compensation for this 30 foot strip as is now being taken by the County for the use etc., of the State.

Our study of the stipulations show that in 1902 a plat of a large acreage of land was spread of record in the Register's Office of Davidson County showing the lands in question and others bordering along Nolensville Pike and that this Pike was 40 feet wide. On December 16, 1904, the then owners of this large acreage of land conveyed to the Nashville Railway & Light Company a 30 foot strip of land along their property which includes

the property here in question for purposes of running a street railway. In said deed which was recorded at the Register's Office of Davidson County on June 14, 1905, the grantors made the following reservation:

"reserving the right of ingress and egress, with necessary crossings to be made by the Nashville Railway & Light Company, and failure of said Nashville Railway & Light Company to operate said line of road for a period of 30 days (unavoidable delays and accidents excepted) and after receiving written notice, the right herein granted will revert to us, our heirs or assigns."

On June 5, 1905, the owners of this large acreage of land who had conveyed this right-of-way to the power and light company had spread of record in the Register's Office of Davidson County a map of this property known as "Map of Resubdivision of part of Cumberland Nurseries". On this map the Nolensville Pike is shown as being 40 feet in width and running along its eastern side is clearly marked out with suitable markings the 30 foot right-of-way granted by the deed last above referred to to the Nashville Railway & Light Company. Immediately on the west of this right-of-way is the property of plaintiffs in error and others who have subsequently purchased various and sundry of the lots in the subdivision as laid out by this plat. The plat in question in addition to showing the Pike and the right-of-way above shows various and sundry streets running through the property. In this original plat the lots were platted into acreages of approximately 3 to 10 acres per lot. The lot out of which the property under consideration comes is a portion of Lot 31 of that plat.

The owners of this platted property conveyed the portion of Lot 31 out of which the questioned property comes

to one G. W. White in 1906 and described the property by metes and bounds as facing on Peachtree Street and running with the easterly margin of the strip of land "deeded to the Nashville Railway & Light Company along the easterly margin of Nolensville Turnpike; * * *." White's conveyance of the property made in 1906 described the property in question as:

"Beginning at the intersection of the southern margin of Peachtree Street with the easterly margin of a strip of land deeded to the Nashville Railway & Light Company along the easterly margin of Nolensville Turnpike; * * *".

In the next conveyance in the chain of title the property was described as:

"Beginning at the south east corner of the Nolensville Turnpike and Peachtree Street; * * *."

Then follow several conveyances from one party to another describing the beginning part of the property as last above quoted down to one Hall who made "W. C. Hall's Subdivision of part of Lot 31 Cumberland Nurseries" out of which the plaintiffs in error's property comes. Thereafter the defendants chain of title through various mesne conveyances is described as Lots 1 and 2 on the plan of W. C. Hall's Subdivision and part of Lot 31 of Cumberland Nurseries as filed of record in a certain book at the Register's Office of Davidson County, "said Lot No. 1 fronts 100 feet on the southerly side of Peachtree Street and runs back 150 feet on the easterly line and 167.8 feet with the easterly margin of the Nolensville Pike a right-of-way of Nashville Railway & Light Company to a dead line * * *."

The plat on record of the W. C. Hall Subdivision shows the Nolensville Pike and the right-of-way of the Nash-

ville Railway & Light Company and then the lots as above described.

Under the stipulations and under the conveyances of the plats as above described we are unable to see that there has been any dedication to the County by acts of the parties by recording these various plats. It is true in many of the deeds, after the first few deeds from the original owner of the land who made the original plat, the beginning corners and the easterly line of this property is described as running along the Nolensville Pike or the Nashville Railway & Light Company property yet the plats as recorded clearly show the Turnpike and the right-of-way of the Nashville Railway & Light Company. Coupled with this is the deed to the Nashville Railway & Light Company from the original owners of this property conveying to the Nashville Railway & Light Company an easement over this 30 foot strip of land with a reverter to the grantors in that deed or their assigns upon abandonment by the Nashville Railway & Light Company.

██ ██ It is stipulated that the Nashville Railway & Light Company abandoned this easement in 1942. It is further stipulated that after this abandonment ''the defendants (that is the plaintiffs in error) bulldozed off and cleared off the said right-of-way along the property involved and have used the same continuously as a parking area for their restaurant, until the property was condemned by the petitioner for road purposes.'' Under such a set of facts we are unable to see a dedication to the County of this strip of land. ''The vital principle is the intention to dedicate, and this, it is said, must be unequivocally manifested.'' *Ellis* v. *Brabson*, 99 Tenn. 538, 539, 42 S. W. 438, 439. We find no intention to dedicate to the County of this 30 foot strip of land, there-

fore, the land under the conveyance to the Nashville Railway & Light Company and by law must come back to the abutting property owners who are the plaintiffs in error in this case.

In Tennessee when one plots a parcel of land and spreads this plat on the record and then from the plat sells the lots off the grantee of the deeds to those lots is entitled to the right of user in the streets and alleys shown on this plat by reference to which his conveyance was made and his rights are limited to such streets and alleys as are reasonably or materially beneficial to him and of which if he were deprived of this right the value of his lot would be reduced. *State ex rel. Kincaid* v. *Hamilton*, 109 Tenn. 276, 70 S. W. 619; *Byington* v. *Bass*, 11 Tenn. App. 569.

The theory back of the rule that the recording of a plat and selling lots therefrom gives the grantee of the deeds to those lots the right to have the streets and alleys opened was well said in the case of *Chapin* v. *Brown*, 15 R. I. 579, 10 A. 639, 641 as follows:

"when the grantee of a lot so platted, purchases it, the existence of the streets as platted, inasmuch as they add value to the lot by the conveniences or advantages which they promise, is an inducement to the purchaser, and so enters into the consideration, as between the grantor and grantee, and operates by way of implied covenant, implied grant, estoppel, or dedication, whichever way of operation may be the truer, to secure to the grantee a right of way over such platted streets, and reciprocally to subject any interest which the grantee may acquire therein to a right of way for the benefit of the other platted lots."

It is on this theory that the County takes the position

that this amounted to a dedication. We as heretofore said do not think so because there was the clear exception of the right-of-way. These lots were sold originally as bordering on this right-of-way. The records of the deeds as well as the plats showed that there was this right-of-way and there is nothing in this record to show that in granting this right-of-way to the Nashville Railway & Light Company and recording this plat that it was the intention of the grantor therein that should there be an abandonment of the right-of-way that then this right-of-way should immediately merge into Nolensville Turnpike. There is no showing of any user of this right-of-way as a public road. The fact is the record shows to the contrary. It is stipulated as above quoted that after the abandonment the plaintiffs in error used the property in question. In other words this clearly indicates, and the only inference to be drawn therefrom, is that prior to the abandonment and subsequent thereto the County and State were not using this right-of-way for public purposes.

■ There is no dispute in the record of the fact that the plaintiffs in error are the present owners of Lots 1 and 2 of W. C. Hall's Subdivision, etc; that the land is contiguous and adjacent to the right-of-way along the side of Lot No. 1. This being true then the land that is adjacent and contiguous to their property belongs to them because it is now freed of the easement of the Nashville Railway & Light Company which has been abandoned. This being true they are entitled to reasonable compensation for this land when taken by the County etc., for the widening of Nolensville Pike. *McLemore* v. *Charleston & M. R. Co.*, 111 Tenn. 639, 69 S. W. 338;

*City of Knoxville* v. *Phillips,* 162 Tenn. 328, 36 S. W. (2d) 434.

It results that the judgment below will be reversed and the cause remanded for further proceedings consistent with this opinion.