# DAVIDSON COUNTY v. ALICE CROOK BEAU-CHESNE.—281 S. W. (2d) 266.

Middle Section. January 18, 1955.

Petition for Certiorari denied by Supreme Court, August 2, 1955.

Elmer D. Davies, Jr., of Nashville, and O. L. Peeler, of Camden, for plaintiff in error.

R. H. Polk, of Nashville, for defendant in error.

FELTS, J. This action was brought by Mrs. Alice Crook Beauchesne against Davidson County to recover for a strip of land 30 feet wide and 53 feet long which she alleged the county "did enter upon and appropriate for its own use", without compensating her therefor, and which was acquired by the county for the use of the State in the widening and reconstruction of the Nolensville Pike. There was a verdict and judgment for plaintiff for $793.

The county appealed in error and insists: (1) that plaintiff can not recover for this 30-foot strip of land, because she conveyed it to the State for highway purposes some two years before bringing this suit; and (2) that the suit is barred by the one-year statute of limitations, Code Section 3132.

The county presented these defenses first by demurrer and again by motion for a directed verdict.

(1) In 1950 the State, acting through its Highway Department, undertook to widen and reconstruct the Nolensville Pike, which is State Highway No. 11. Its employees went upon the ground, surveyed, and staked out the right-

of-way for this work; and Davidson County acquired this right-of-way for the State, by deeds from the land-owners in some cases and by condemnation suits in others.

The county acquired the right-of-way from plaintiff by deed dated November 21, 1950. Her lot, located some miles south of the city limits of Nashville, fronted 53 feet on the east side of Nolensville Pike. By this deed she conveyed to the State a right-of-way in a strip of land described as follows:

"* * *, the land described below, located by a survey heretofore made and staked out, and shown on plans on file in the office of the Department of Highways and Public Works at Nashville, Tennessee. Said land hereby conveyed is located in the ——.—— Civil District of Davidson County, Tennessee, and the description of the same with reference to said survey and as shown on said plans is as follows:

"A strip of land extending from Survey Station 573+99 at the boundary line of the lands of Lee, to Station 574+52 at the boundary line of the lands of Coleman, 53 feet along, and bounded on the sides as follows:

"On the north by the lands of Coleman, on the South by the lands of Lee; on the west by the present highway; on the east by a line east of, parallel to and 40 feet from the center line of said proposed highway as staked out; containing 1,312 square feet. The State will construct concrete steps from the back of the sidewalk to the top of the bank."

Thus the land described and conveyed was a rectangle bounded "on the north by the lands of Coleman; on the south by the lands of Lee; on the west by the present highway; on the east by a line east of, parallel to, and

*40 feet from* the center line of said proposed highway *as staked out"*. (Italics added.) That is, the right-of-way conveyed included all land west of this east line—all between that line and the highway.

This embraced the 30-foot strip in suit and other land off the front of plaintiff's lot. This 30-foot strip was part of an abandoned street railway right-of-way, lying between the front of her lot and the Nolensville Pike, as formerly located. Owners of lands bordering on this strip claimed it had reverted to them, while the county claimed it had been dedicated for highway purposes. Later in another case, this controversy was determined in favor of the landowner. McKinney v. Davidson County, 194 Tenn. 689, 254 S. W. (2d) 975, noted in 6 Vand. L. Rev. 1089.

■ It was apparently because of this controversy, existing when this deed was made, that the deed stated the quantity as 1,312 square feet, when in fact the area conveyed was actually much larger than that. But this designation of quantity must yield to the other more reliable descriptive particulars—the calls for lines and monuments surveyed and marked on the ground. 16 Am. Jur., Deeds, Sec. 289, p. 601; 8 Am. Jur., Boundaries, Sec. 63, p. 790; Staub v. Hampton, 117 Tenn. 706, 101 S. W. 776.

As we understand, plaintiff does not claim that her deed did not include and convey this 30-foot strip. Her claim, as set forth in her amended declaration (Tr. p. 7), is that while she did convey this strip she was not paid for it but for the other land conveyed; that the consideration for the deed, $1,200, was paid for the other land and not for this strip; and that she is, therefore, entitled to recover for it.

This deed, however, shows that the consideration was entire and covered all the land conveyed, including this 30-foot strip. The deed recites: "This conveyance is made in consideration of the sum of twelve hundred ($1,200.00) * * * and said sum is in full payment for said above described right-of-way and for all damages which may be done to the remainder of * * * land by the construction of a highway upon said right-of-way".

 We think plaintiff was estopped by her deed to maintain this suit or to deny the above recital. Estoppels are three kinds: (1) by record, (2) by deed, and (3) by matter in pais. "Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it." 19 Am. Jur., Estoppel, Sec. 6, p. 603.

 " 'A fact admitted by recital, or directly in a covenant or deed, concludes all the parties to it, and cannot be averred against.' Henderson v. Overton, 10 Tenn. 394-397, 24 Am. Dec., 492." Battle v. Claiborne, 133 Tenn. 286, 302, 180 S. W. 584, 588.

 " 'Estoppel by warranty is based on the fundamental principles of giving effect to the manifest intention of the grantor, appearing on the deed, as to the lands or estate to be conveyed, and of preventing the grantor's derogating from or destroying his own grant by any subsequent act.' Condit v. Bigalow, 64 N. J. Eq. 504 [513], 54 A. 160." Battle v. Claiborne, supra, 133 Tenn. 303, 180 S. W. 588.

(2) We also think this suit was barred by the one-year statute. The declaration alleged that "on or about the 21st day of November 1950, the defendant did enter upon

and appropriate for its own use" this 30-foot strip, "without compensating plaintiff therefor". The suit was commenced April 2, 1953, or more than twelve months after the taking or expropriation.

The suit was brought under Code Section 3131, which provides the landowner a remedy when his land is taken under the power of eminent domain without condemnation proceedings. This section gives him a right to sue when the taker "has actually taken possession of such land, occupying it for the purposes of internal improvement."

Code Section 3132 provides that such a suit shall be commenced "within twelve months after the land has been actually taken possession of, and the work of the proposed internal improvement begun", with a saving of a further period to unknown owners, non-residents, and persons under disability, not here material.

For plaintiff it is argued that in order to start the running of the statute, *two* things must take place: (1) there must have been a taking, and (2) the work of the internal improvement must have begun; that though the taking here was in November 1950 "the work on the road did not begin until January 1954, long after this suit was filed"; and that, therefore, the statute had not begun to run when the suit was brought.

We can not follow this argument. The statute begins to run when a cause of action accrues; and if, as plaintiff contends, the statute had not begun to run before the suit was brought, it would necessarily follow that the cause of action had not accrued and the suit was premature.

█ And the beginning of "the work of the proposed internal improvement" would not mean the beginning

of the construction or "the work on the road", as plaintiff contends, but might mean any one of a number of things preparatory to the construction, such as the plans and specifications, surveys, laying off the right-of-way, or clearing it of obstructions preparatory to beginning the grading or construction.

We think Sections 3131 and 3132 must be read together. Under the former, the right of action accrues when the taker "has actually taken possession of such land, occupying it for the purposes of internal improvement". Under the latter, the suit must be brought "within twelve months after the land has been actually taken possession of, and the work of the proposed internal improvement begun".

The above quoted words are similar in both sections. Under 3131, the actual taking possession of the land, occupying it for purposes of internal improvement, marks the act of taking or expropriation, upon which the right of action accrues; and under 3132, the actual taking possession of the land, and the beginning of the work of the proposed internal improvement, fixes the time when the statute starts to run.

The questions of what amounts to a taking in a particular case, and of when the taking is completed so as to give rise to a cause of action and start the running of the statute of limitations, depend on the facts in each case.

But there is no such question in this case. The facts are not in dispute. The taking was on or about November 21, 1950. This was the date alleged in plaintiff's declaration, and the date shown by her proof. Having been brought more than twelve months after that date,

this suit was barred. Doty v. American Telephone & Telegraph Co., 123 Tenn. 329, 347, 130 S. W. 1053; Central Realty Co. v. City of Chattanooga, 169 Tenn. 525, 531, 89 S. W. (2d) 346; Chumbley v. State, 183 Tenn. 467, 469, 192 S. W. (2d) 1007.

In view of our conclusion above stated, that the suit is barred by both estoppel and the statute, we need not discuss other questions raised by the county. The judgment of the Circuit Court is reversed, the suit dismissed, and the costs are adjudged against plaintiff.

Howell and Hickerson, JJ., concur.