JAMES ALLEN BAKER et al.

*v.*

MRS. ELIZABETH P. BUTLER et al.

364 S. W. 2d 922.

(*Jackson,* April Term, 1962.)

Opinion filed February 7, 1963.

E. J. HARRIS, Bolivar, for petitioners.

G. L. MORRISON, HUGHIE RAGAN, Jackson, for respondents.

MR. JUSTICE FELTS delivered the opinion of the Court.

The bill herein was filed by James Allen Baker and wife against Mrs. Elizabeth P. Butler, individually and as administratrix of Dr. R. A. Butler, deceased, and Austin A. Baker, to enforce the opening of two streets bounding two lots which had been conveyed to complainants by the Butlers, and to remove, as a cloud on their rights, the claim of defendant Baker, who claimed under the Butlers.

Answers were filed, the cause was heard upon oral proof, and the Chancellor held that while complainants had acquired the rights claimed by them, they were not entitled to enforce the opening of the streets, but only to damages for breach of covenant, and he ordered a reference to fix the amount of such damages.

From the Chancellor's decree, complainants prayed and were granted a discretionary appeal. The Court of Appeals, in an opinion by Judge Bejach, reversed, and held that complainants were entitled to enforce the opening of the streets, and remanded the cause for further

proceedings. Defendants filed in this Court a petition for certiorari insisting that the Court of Appeals should have held complainants were not entitled to enforce the opening of the streets, but only to damages.

Neither the facts nor the substantive rights of complainants are in dispute. As stated, both courts concurred in the conclusion that, under the Butlers' deeds conveying complainants the lots, they acquired a right to the use of the adjacent streets, the only controversy being as to the remedy: whether complainants may enforce the opening of the streets, or must be limited merely to recovery of damages.

In 1953, Dr. R. A. Butler owned a tract of land near the City of Bolivar. He subdivided part of this land into a number of city building lots, and on August 11, 1953, he filed in the Register's office of Hardeman County a plat of such subdivision. He sold and conveyed Lots 8 and 9 to complainants, by separate deeds, the deed to Lot 8 being dated May 23, 1956, and that to Lot 9, June 1, 1956.

Each of these lots is a rectangle of 100 feet frontage, and a depth of 175 feet. Lot 8 fronts on the north side of the Bolivar-Brownsville highway and extends back or north 175 feet to the southern edge of Lot 9; and Lot 9, fronting 100 feet on the north end of Lot 8, extends back or north 175 feet to the "south margin of a street (yet unnamed)." Along the east edge of Lot 8 was a "proposed standard street 66 feet wide," referred to as "Madison Street Extended." We quote from the deeds the descriptions of each of these lots.

*Lot No. Eight of Dr. R. A. Butler's Subdivision.* BEGINNING at an iron stake, in the field 16½ feet

north of R. A. Butler's S.B.L., the S.E. corner of Lot 7 and runs north with the same 175 feet to an iron stake, in the field its N.E. corner; thence east 100 feet to an iron stake, in the field, the extreme N.E. corner of the area by these 8 lots covered, 901.8 feet east of its N.W. corner, on the W.B.L. of a *proposed standard street 66 feet wide;* thence south with same 175 feet to an iron stake in the field 16½ feet north of R. A. Butler's S.B.L., 33 feet north and 33 feet west of the point where the center lines of old Margin Street (about 1856) intersect, also the extreme S. E. corner of the area by these lots covered, 889.3 feet east of its S. W. corner; thence west 100 feet to the beginning.''

*"Lot No. Nine of Dr. R. A. Butler's Subdivision.* BEGINNING at an iron stake in the field, said point being the Northeast corner of Lot No. 7 of Dr. R. A. Butler's Subdivision conveyed by the grantors herein to J. M. Cohn et ux. by deed dated Feb. 12, 1954, of record in Deed Book W-3, page 294, Register's Office, and the Southeast corner of Lot No. 10, and runs north with the E.B.L. of said Lot No. 10, 175 feet to an iron stake in *the south margin of a street (yet unnamed),* the N.E. corner of said Lot No. 10; thence east 100 feet *along the margin of said street* to an iron stake in *the west margin of Madison Street Extended;* thence south with same 175 feet to an iron stake, the N.E. corner of Lot No. 8 of said Sub-division; thence west 100 feet with the N.B.L. of said Lot No. 8 to the beginning.''

Thus, it will be observed that the first deed described Lot 8 as being bounded on its east side by a proposed standard street 66 feet wide; and that the second deed

described Lot 9 as being bounded upon its north end by a "street (yet unnamed)"; i.e., Lot 9 fronted on the south side of this street; and this deed also described Lot 9 as being bounded upon its east side by "Madison Street Extended," or the proposed standard street 66 feet wide.

It appears that complainants built a residence on Lot 8, and later sold and conveyed it by general warranty deed to a third person, not a party to this suit; and that when complainants applied to the City authorities of Bolivar for a building permit for Lot 9, such permit was refused upon the ground that Lot 9 did not front upon any street. There is some proof that some work was done upon Madison Street, but it does not appear that the City authorities accepted the dedication of Madison Street on the east edge of Lot 9, or the other street on its north edge.

It further appears that a few months after making these deeds conveying Lots 8 and 9 to complainants, Dr. Butler died; that his estate was insolvent, and that his widow, defendant Mrs. Butler, and one of his sons filed a bill to sell some of the land left by him to pay his debts. It further appears that in March 1958, Mrs. Butler had prepared another plan of subdivision of the Butler land.

This plan wholly disregarded the prior deed by the Butlers conveying Lot 9 to complainants, and attempted to abandon or abolish Madison Street along the east side of Lots 8 and 9, and the unnamed street along the north edge of Lot 9, as called for by the Butler deed to complainants. It further appears that this later plan of subdivision attempted to appropriate part of Lot 9 on its northwest corner, by taking it for a proposed street called

"TVA Row." It appears that defendant Baker purchased some of the lots infringing upon these streets.

■ Upon the foregoing facts, both courts below recognized that the descriptions in the Butler's deeds conveying to complainants Lots 8 and 9 as being bounded by these streets, brought the case within the rule that where an owner of land sells it as building lots, bounding them on streets of a specified width as laid down on a map, although not actually opened, the purchaser acquires a legal right as against the grantor to have the streets opened to the width designated; and if the vendor owns the lands on which the streets were laid off, the purchaser may, *"as against him and those claiming under him"* enforce the opening of such streets.

Some of the cases so holding are: *Henderson v. Donovan,* 81 Tenn. 289; *Scott v. Cheatham,* 59 Tenn. 713; *Goetz v. Power & Light Co.,* 154 Tenn. 545, 554, 290 S.W. 409; *McKinney v. Davidson County,* 194 Tenn. 689, 695, 254 S.W.2d 975.

As stated in some of these cases, the deed calling for such a street is regarded as a recital or covenant which operates by way of estoppel against the grantor and persons claiming under him with notice. *Scott v. Cheatham,* supra, 59 Tenn. 720. As to estoppel by deed, see *Denny v. Wilson County,* 198 Tenn. 677, 685, 281 S.W.2d 671.

It appears that the Chancellor held that, since there had been no dedication of these streets, and no acceptance by the City of Bolivar, and since the City was not a party to this suit, complainants were not entitled to enforce the opening of the streets as appurtenant to their lot, and for their use as abutting property owners; but

were entitled only to damages for breach of covenant or the diminution in value of such lot resulting from the loss of the use of such streets.

■ The Court of Appeals, however, held that the fact that there had been no dedication and no acceptance of the streets, and the fact that the City was not a party to this suit, did not affect complainants' right of user of the streets bounding their lot, and their remedy to enforce this right by opening such streets, because complainants were entitled to such relief as against the grantors (Dr. and Mrs. Butler) and defendant Baker claiming under the grantors, he being affected with constructive notice of such right by the recording of the plat and of the deed to complainants.

We think that decision is supported by principle and authority, and is correct. Complainants had a right of user in the streets abutting upon their lot. That right rested not on dedication or acceptance, but upon the Butlers' deed conveying them the lot bounded by such streets. As against the grantors (Butlers) and the defendant claiming under them, complainants were entitled to injunctive relief to enforce the opening of such streets. *Goetz v. Power & Light Co.*, supra, 154 Tenn. 545, 554, 290 S.W. 409; *State ex rel. Kincaid v. Hamilton*, 109 Tenn. 276, 283-287, 70 S.W. 619.

Writ denied.