228

Elizabeth C. Emory et al.

*v.*

City of Knoxville et al.

379 S.W.2d 753.

(*Knoxville*, September Term, 1963.)

Opinion filed June 4, 1964.

JOHN M. THORNBURGH, WAYNE PARKEY, Knoxville, for complainants.

C. R. McCLAIN, Knoxville, for defendants.

MR. JUSTICE FELTS delivered the opinion of the Court.

This suit was brought in the Chancery Court of Knox County by complainants, the widow and heirs at law of C. M. Emory, deceased, against defendants, the City of Knoxville, and the Tennessee Public Service Company, to set up complainants' title and right to possession in a certain strip of land now being used and occupied by the City as a public street known as Walker Boulevard; or, in the alternative, to recover compensation for the land so taken for such use and the incidental damages resulting from the taking.

The bill was filed October 15, 1935, and subpoena to answer and a copy of the bill were served upon the representatives of defendants October 21, 1935. Twenty-seven years later, or on November 2, 1962, a judgment pro confesso was entered reciting that defendants had failed to make defense within the time required by law, and ordering that the bill be taken for confessed as to each of them and the cause set for hearing ex parte.

A final decree was then entered reciting that the cause was heard upon the pleadings, the judgment pro confesso, and the record at large from all of which the court found, and the decree set forth, most of the material matters that had been averred in the bill.

Such averments were that on March 13, 1906, C. M. Emory, since deceased, and his wife, complainant Elizabeth Emory, by deed conveyed to the Knoxville Railway and Light Company an easement over and upon a certain parcel of land located in Knox County and described in the deed exhibited with the bill. The deed stated that such easement or right of way was granted to the Knoxville Railway & Light Company for the purpose of

enabling it to construct and operate an electric Railway Line thereon; and that when it ceased to use the same "for street railway purposes," such easement would "revert to the grantor, his heirs or assigns."

The bill further averred that on September 1, 1922, the Knoxville Railway & Light Company, by amendment to its charter, changed its name to Knoxville Power & Light Company; and that on November 1, 1930, by deed, it conveyed to defendant, Public Service Company, all its properties, including the street railway line in Knox County, located between Arlington and Fountain City; and that such conveyance was subject to the conditions and restrictions contained in the deeds granting the rights of way for said street railway line, including complainants' right of reverter reserved in the deed of Emory and wife to the Knoxville Railway & Light Company.

It further alleged that on or about November 12, 1934, the defendant Public Service Company abandoned and ceased to use the easement in said land for "street railway purposes," and undertook to convey said easement or right of way to defendant City of Knoxville for highway purposes and the City, in November 1934, had taken possession of such land or right of way and constructed thereon a street or highway known as Walker Boulevard; and that complainants had the right to enforce the reverter provided in the Emory deed and were entitled to recover possession of the land or, in the alternative, compensation for its taking for a public use and the damage incidental thereto.

After these recitals, the decree adjudged that the Tennessee Public Service Company had abandoned the ease-

ment conveyed to its predecessor in title by the Emory deed; that the same, by the terms of that deed, had reverted to complainant; that the City of Knoxville acquired no right in said property by its deed from the Public Service Company; and that complainants were entitled to a writ of possession to put them in possession of said strip of land and to an injunction to restrain the City from setting up any claim thereto.

After the writ of possession issued, but before it was served, the City of Knoxville, on January 9, 1963, filed in the same cause and court, a bill alleging that the City is aggrieved by the final decree and ought not to be bound thereby, that said decree is erroneous and ought to be reviewed and reversed for the reason that complainants "do not have a justiciable claim against this defendant, City of Knoxville"; that the "matters in controversy had been previously settled by agreement between attorneys"; that complainants had failed to prosecute their case for a period of 27 years; and that after the lapse of such period, they seek to bind the City by a "decree of which it had no notice, and which was handled by the attorney for complainants and this Court ex parte"; and "for these errors apparent on the face of the record," defendant "brings this, its bill of review, to be relieved in the premises."

Complainants demurred to the City's bill of review upon the ground that it was filed in a double aspect, viz.: (1) as a bill of review for error apparent upon the face of the record; and (2) as a bill to impeach the decree for fraud or want of notice; and that the joinder of the two was not in consonance with equity practice and could not be maintained.

The Chancellor overruled the demurrer and granted complainants a discretionary appeal. They appealed and insist that the Chancellor should have sustained their demurrer and dismissed the bill of review, for the reasons stated.

■ ■ We think this contention must be sustained. It is a well settled rule of equity practice that a bill to impeach a decree for fraud cannot be joined with a bill of review to set aside a decree for error apparent on the face of the record. This because the object and effect of the one is so inconsistent with that of the other that their joinder would cause "grave confusion." *Berdanatti v. Sexton,* 2 Tenn. Ch. (Cooper's) 699, 704; *Wilson v. Schaefer,* 107 Tenn. 300, 324, 325, 64 S.W. 208; *Caldwell v. Huffstutter et al.,* 173 Tenn. 225, 230, 116 S.W.2d 1017.

In *Caldwell v. Huffstutter,* supra, there was a bill to impeach a decree for fraud. The Chancellor, finding no fraud, dismissed the bill. The Court of Appeals concurred with this finding of the Chancellor but sustained the bill as a bill for error apparent upon the record. That holding of the Court of Appeals was reversed by this Court, upon application of this rule of equity practice. There, the Court (quoting from *Wilson v. Schaefer,* supra) said:

" 'The object and effect of a bill for fraud, even if the fraud consists of want of notice, are to vacate the former decree, not to retry the case; whereas the object and effect of a bill of review are to reverse the decree, so far as it is erroneous, and to retry the case upon the original record, or the original record and new proof, as the bill is for error apparent or newly-discovered evidence. * * * The joinder of the two bills (bill of review and bill to impeach the decree for

fraud), having such different objects and effects, is not in consonance with the practice of the court, and would lead to grave confusion.'

"In *Gordon v. Ross,* 63 Ala. 363, 365, the Court says: 'The same defenses cannot be made—the same matters are not open for consideration—the same relief cannot be granted—the object and effects of a bill of review, and of a bill impeaching a decree for fraud, are essentially different. * * * If entertained as a bill of review, the former decree, so far as erroneous, would be reversed, and the court would proceed to retry the cause, rendering the decree the evidence would authorize. But, if fraud has infected the decree, it must be vacated entirely—there is no retrial of the cause.'

"The expression, 'not in consonance with', used by Chancellor Cooper in a foregoing quotation, means not in accord or agreement with, inconsistent with. Webster's Unabridged Dictionary." 173 Tenn. 230-231, 116 S.W.2d 1019, 1020.

For this reason we think complainants' demurrer should have been sustained and the bill of review dismissed. That would leave standing the decree which was based upon complainants' bill and the order pro confesso. The effect of the pro confesso was to admit the truth of all the facts averred in complainants' bill. *Stone v. Duncan,* 38 Tenn. 103; 1 Crownover's Gibson's Suits In Chancery (5th ed.), sec. 216.

Taking as true the facts averred in complainants' bill, the case made by it was that complainants were the owners of the fee in the strip of land subject to the easement which had been conveyed to the Knoxville Railway &

Light Company for "street railway purposes," and which had been abandoned and had reverted to complainants by the terms of the Emory deed; and that the City of Knoxville had taken possession of such strip of land for highway purposes and had constructed thereon a public street known as Walker Boulevard.

■ Under these facts, it is clear that complainants had no right to recover possession of the strip of land, no right to interfere with the City's, or the public's, use of it as a highway, and that their only rights were to seek compensation as provided in our statute (T.C.A. sec. 23-1424). *Doty v. Telephone & Telegraph Co.* (1910), 123 Tenn. 329-347, 130 S.W. 1053; *Tenn. Coal, Iron & Rr. Co. v. Paint Rock Flume & Trans. Co.,* 128 Tenn. 277, 282, 160 S.W. 522; *Armstrong v. Ill. Cent. R. Co.,* 153 Tenn. 283, 282 S.W. 382.

■ Upon such facts, however, it is equally clear that complainants, while not entitled to recover possession of the land, were entitled to the alternative relief sought by them in their bill, compensation for the taking of the land for a public purpose, since the easement conveyed by their predecessors in title for street railway purposes had been abandoned and had reverted to them under the deed, and the land had been taken by the City for highway purposes. *McKinney v. Davidson County,* 194 Tenn. 689, 254 S.W.2d 975; *Polk v. Davidson County,* 39 Tenn.App. 68, 281 S.W.2d 257.

During the argument of this case at the Bar of this Court, it was stated by counsel for the City that there is pending in the lower courts in Knox County condemnation suits, which may render this suit moot. According to the allegations of this bill, the property was occupied for

street purposes by the City in November 1934, less than a year preceding the date of the filing of complainants' bill and, therefore, within the statutory period (T.C.A. sec. 23-1424).

For these reasons, the action of the Chancellor in overruling complainants' demurrer to the City's bill of review is reversed and this cause will be remanded to the Chancery Court for further proceedings to the end that complainants may seek their remedy of compensation for the property taken for a public purpose. Costs of the appeal are adjudged against the City of Knoxville.