IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

August 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANNA LEE CRISP, | ) | |
| | ) | BLOUNT CIRCUIT |
| Plaintiff/Appellant | ) | |
| | ) | NO. 03A01-9711-CV-00527 |
| v. | ) | |
| | ) | HON. W. DALE YOUNG |
| ORVILLE C. BORING and wife, | ) | JUDGE |
| WANDA SUE BORING, | ) | |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

Phillip Reed, Maryville, for Appellant.
David R. Duggan, Maryville, for Appellees.


### O P I N I O N

INMAN, Senior Judge

This is a boundary dispute. The plaintiff alleges that the location of the boundary line between her property and the adjoining land of the defendants is shown by a survey made by Sterling Engineering, Inc.

The defendants on the other hand allege that the proper boundary is shown by a survey made by Everett Land Company. They also claim title to the disputed area, a small triangular tract, by estoppel by deed, adverse possession including the payment of taxes for more than 30 years, and other pro-forma defenses.

A bench trial resulted in a finding that the plaintiff is a predecessor in title to the defendant's property, and that it was she who, by deed, established the now-disputed boundary. The trial judge applied the principle of estoppel by

deed to the findings, "found the issues in favor of the defendants," and dismissed the case.

The parties agree that the judgment leaves the controversy but not the case in limbo, since the location of the disputed boundary was not determined.

Restated, the issue is whether the plaintiff is estopped to challenge a call and distance in a deed she executed, superimposed upon proof that the defendants paid taxes on the disputed area for thirty (30) years. The defendants present as an issue whether "the trial court should be affirmed in finding that the boundary line in dispute should be established along the line as testified to by the defendants' surveyors."[1]

The plaintiff and her husband acquired 100 acres in 1946. On March 15, 1946 they conveyed 46 acres (which included the disputed area) to Blankenship. This deed included a call and distance of "South 72 deg. East 373 feet," and was prepared from a survey made by a registered land surveyor.

Blankenship, in 1971, conveyed a portion of this tract, 17.95 acres, to another Blankenship. This deed included the disputed area, and utilized the call and distance of South 72 deg. East 373 feet. This 17.95 acre tract was conveyed to the defendants in 1993. Again, the same call and distance, later disputed, was utilized. It will be seen from the foregoing that the plaintiff is the defendant's predecessor in title.

It is not entirely clear from the record when this controversy arose. The area in dispute was created in 1946 when the plaintiff conveyed 46 acres to Blankenship. The complaint was filed July 23, 1996, more than fifty years later, and after title to the disputed area was transferred three times.

---

[1]The trial court made no such finding.

Charles Sterling was employed by the plaintiff to survey her remaining land, together with the disputed area. None of the descriptions in the various relevant deeds would close, a common-enough discovery, and Mr. Sterling conceded that in such instances it was necessary to consider the title history, old fences and other monuments and the topographical aspects. It is perhaps noteworthy that Mr. Sterling did not himself conduct the survey, but relied on his field crew for the requisite information; somewhat strangely, he never discussed the survey with the plaintiff.[2]

Much of the expert testimony was given over to assumptions and pure speculation about the call "South 72 deg. East 373 feet." Mr. Sterling made two assumptions, the first of which was based on a survey by Everett and the second of which involved an asserted transposition error in the 1946 deed to Blankenship. These assumptions were made by Mr. Sterling in his efforts to prove that the call "South 72 deg. East 373" was erroneous and unintended.[3] But with all the assumptions favorable to the plaintiff, Mr. Sterling conceded that the description in the initial deed to Blankenship would not close.

The defendants' surveyor, Mr. Everett, agreed that the descriptions would not close, and testified that the most feasible solution was to connect the two known points which would do the least damage to the deed descriptions and would not compound the closure error. He also opined that Mr. Sterling's assumptions were not reasonable in the science of surveying, and that his, Mr. Everett's, reliance upon a 50-year-old fence was reasonable and professional under the circumstances.

---

[2]He was employed by the plaintiff's son. The plaintiff was not aware that her property was being surveyed.

[3]His rationale included the reliance on a fence which had been in existence for about 25 years. Other proof established that a fence should be about 50 years old before it may safely be relied upon as a line monument. In any event, the fence was not continuous.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

While the defendants advanced various legal theories in the advocation of their case, we think the preponderance of the evidence supports a finding that the disputed boundary should be established in accordance with the testimony of surveyor Everett.

It was in her deed to Blankenship in 1946 that the disputed call first appeared, and she testified that "we put the line where we wanted it." Estoppel by deed is a bar which precludes one party to a deed, and privies, from asserting as against the other party, and privies, any right or title in derogation of the deed or from denying the truth of any material facts therein asserted. *Davidson County v. Beauchesne,* 281 S.W.2d 266 (Tenn. App. 1955); *Denny v. Wilson County,* 281 S.W.2d 671 (Tenn. 1955). We agree with the appellees that since the plaintiff created the call and distance in her deed to Blankenship she is now concluded with respect to that call and cannot aver against it.

The evidence does not preponderate against the judgment of the trial court and is accordingly affirmed. But as we heretofore stated, the judgment was based solely on a finding that the plaintiff was estopped to deny the averments of her deed, which did not wholly resolve this controversy. To resolve it, we reference the drawing prepared by Mr. Everett, and the two points therein marked 'B' and 'A'. These points should be connected with a straight

line, and the closure problem will be resolved.  This line will be described as "N 04-18-05 S 270.52 feet to the Boring Boundary."

Costs are assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge