IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2003 Session

## JOE R. CRAFT v. FORKLIFT SYSTEMS, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-1864      Carol Soloman, Judge**

---

**No. M2002-00040-COA-R3-CV - Filed July 14, 2003**

---

This is an appeal from a judgment for Plaintiff in a breach of contract action. The trial court awarded judgment on equitable principles, without any findings as to whether or not the contract had been breached by Defendant. The judgment is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and PATRICIA J. COTTRELL, J., joined.

Douglas E. Jones, Nashville, Tennessee, for the appellant, Forklift Systems, Inc.

Lance B. Mayes, Nashville, Tennessee, for the appellee, Joe R. Craft.

### OPINION

This is a suit for breach of contract wherein Appellee Joe R. Craft sued Forklift Systems, Inc. for alleged unpaid commissions on equipment sales. Craft was employed by Forklift in 1996 as a commission salesman under contract and remained in such employment until January 19, 2001.

The suit originated in General Sessions Court by civil warrant issued May 14, 2001 in which Craft asserted:

The Plaintiff was employed by Forklift Systems, Inc. until January 19, 2001. Prior to this date, the Plaintiff sold equipment and per an agreement with Forklift Systems, Inc. is entitled to commissions for certain sales made during the Plaintiff's term of employment. The Defendant breached their contract with the Plaintiff in that they failed to pay the Plaintiff his commissions. Based upon the above the Plaintiff sues for Breach of Contract, unjust enrichment and other equitable remedies in the amount of $8,956.43 plus attorney fees, court costs and punitive damages. [sic]

Trial in General Sessions Court resulted in judgment for Plaintiff in the amount of $4,115.18 entered on June 12, 2001. This judgment was appealed to the Circuit Court.

Trial in Circuit Court resulted in a judgment for Plaintiff entered December 3, 2001 and providing:

> After thoroughly reviewing the record, post-trial briefs, and testimony given in this matter, this court is of the opinion that equity requires the Plaintiff be awarded judgment in this case. Specifically, the court found that Plaintiff was a sales person of large equipment such as fork-lifts. Plaintiff was the sole salesperson for Defendant Forklift Systems, Inc. Plaintiff was very skilled in determining the cost, delivery and extra charges that should be added to the equipment he sold in order to compute his commission and give the customer the final price. Mr. Craft testified that if anything, he over-estimated these costs in order to protect the company's profit and his commission.
>
> The Defendant did not produce any actual documentation of parts or discounted labor that was not routinely included in Plaintiff's computations. Any repairs to equipment were performed "in-house," but the Plaintiff, by Defendant's calculations, was charged retail rates. Plaintiff was also charged for the cost of doing business, to wit, a $300.00 administration fee to cover accounting costs.
>
> Equity requires that the Plaintiff be paid for the work he accomplished. Therefore it is Hereby ORDERED, ADJUDGED, AND DECREED that the Plaintiff be awarded a judgment in the amount of $11,917.44 plus pre-judgment interest.
>
> Attorneys fees shall be considered when an appropriate motion and affidavit are filed. Court costs are taxed to the Defendant.

From this judgment Forklift Systems, Inc. perfected a timely appeal.

The standard of review on appeal is *de novo* with a presumption of the correctness of the findings of fact of the trial court unless the preponderance of the evidence is to the contrary of such findings. Tenn. R. App. P. 13(d); *See Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). Questions of law are reviewed *de novo* but no presumption of correctness attaches to the findings of law of the trial court. Tenn. R. App. P. 13(d); *see Bank/First Citizens Bank v. Citizens and Assoc.*, 82 S.W.3d 259 (Tenn. 2003).

Two serious problems with the record in this case are evident. First, we have an inadequate testimonial record. We are provided with neither a transcript of the proceedings in the trial court nor a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c). Ordinarily, this deficiency is fatal to the appellant in non-jury cases.

> When a trial court decides a case without a jury, [it's] findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn.R.App.P. 13(d). This court cannot review the facts *de novo* without an

appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn.Ct.App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn.Ct.App.1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn.Ct.App.1988).

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.Ct.App. 1992).

The fact that much of the evidence in the case consists of the documents establishing the contractual relationship between the parties does not solve the problem. As held in *Wells v. Tennessee Board of Regents*, 9 S.W.3d 779 (Tenn. 1999), this Court may ordinarily review documentary proof without affording deference to the trial court's findings of fact. As in *Wells*, however, the documentary proof submitted is not the only evidence that was before the trial court, and without a testimonial record of such other evidence, the rule in *Sherrod v. Wix* prevails.

The second problem appears from the non-testimonial record and compels reversal of the judgment. This is plainly and completely a case involving alleged breach of contract. One may search in vain the trial court's judgment, the documentary evidence before us and, indeed, the briefs of both parties for anything making an issue in equity. Forklift Systems, Inc. either breached the contract between the parties or it did not.

The civil warrant alleges that "Plaintiff sold equipment and per an agreement with Forklift Systems, Inc. is entitled to commissions for certain sales made during the Plaintiff's term of employment." The specific sales in issue are the Martin Crating account, the Stover Wholesale account, the Sparta Spoke account, the Aristokraft Cabinets account, the Townsend Engineered account, the Toshiba American Distribution account, the Voyager Carpets account and the Toshiba American Consumer account.

Every dime allegedly owed by Forklift Systems, Inc. to Appellee Craft is based upon a difference of opinion between the parties as to mathematical calculations under the terms of the contract. Appellant asserts that in some of these sales the commission rate was 23% of gross profit under the terms of the contract while Appellee asserts that the commission rate was 35% of gross profit under the terms of the contract. As further example under the Stover Wholesale account Craft asserts that gross profit was $3,300.00. He further claims that this gross profit of $3,300.00 multiplied by his 35% commission results in a total commission of $1,155.00. Appellant, on the other hand, asserts that Craft's calculation of gross profit does not take into consideration parts and labor together with administrative expenses which would have reduced gross profit on the Stover Wholesale account to $198.69 resulting in a proper commission to Craft of $74.80. Each of these calculations is based on differing views of the proper interpretation of the contract. No where is there room for equity to intervene in this pure contract action.

"Equity follows the law. Where there is no legal liability, equity can create none." *Henderson v. Overton*, 10 Tenn. 394, 397 (Tenn. 1830); *Bedwell v. Bedwell*, 774 S.W.2d 953, 956

(Tenn.Ct.App. 1989); *Metropolitan Life Insurance Company v. Owens*, 246 S.W.2d 971, 972 (Tenn. 1952). "When in doubt equity follows the law." *Tennessee-Carolina Mills v. Mauk*, 14 Tenn. App. 517, 519 (Tenn.Ct.App. 1931). What appears to be fair as a matter of equity cannot prevail in the face of constitutional, statutory or contractual provisions governing the rights of the parties. As the Supreme Court of Nevada observed,

> Our equitable powers do not extend so far as to permit us to disregard fundamental principles of the law of contracts, or arbitrarily to force upon parties contractual obligations, terms or conditions which they have not voluntarily assumed. In this regard, equity respects and upholds the fundamental right of the individual to complete freedom to contract or decline to do so, as he conceives to be for his best interests, so long as his contact is not illegal or against public policy. In this respect, and many others, equity follows the law. Much as we would like to relieve the appellant from his unfortunate situation, we cannot rightfully do so, as we must maintain the necessary certainty, stability and integrity of contractual rights and obligations.

*McCall v. Carlson, et al.*, 172 P.2d 171, 187-88 (Nev. 1946).

Consequently, where the remedies available to a litigant are circumscribed by the boundaries drawn "at law," such as in a breach of contract case, principles of equity cannot create rights outside those boundaries. *See generally Swartz v. Atkins*, 315 S.W.2d 393 (Tenn. 1958); *Bedwell v. Bedwell*, 774 S.W.2d, at 956.

In the final analysis the Missouri Court of Appeals succinctly stated the rule to be applied in breach of contract cases. "The rights of the parties are to be determined from the contracts into which they entered and the consequences of those contracts and not from some generalized concepts of equity." *Norcomo Corp. v. Franchi Construction Co., Inc.*, 587 S.W.2d 311, 317 (Mo.Ct.App. 1979).

This Court has held: "The essential elements of any breach of contract claim include (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Custom Built Homes v. G.S. Hinsen Co., Inc.*, 1998 WL 960287 (Tenn.Ct.App. Feb. 2, 1998)(citing *LifeCare Ctrs. of Am., Inc. v. Charles Town Assoc's. Ltd. Partnership, LPIMC, Inc.*, 79 F.3d 496, 514 (6th Cir. 1996)).

While the civil warrant alleges contract, breach of contract and damages, the judgment from which this appeal is perfected, does not make any findings relative to any of the elements of a breach of contract action. It simply holds "that equity requires the plaintiff be awarded judgment in this case." Then with the further observation that "equity requires that the plaintiff be paid for the work he accomplished," the court awards a judgment for $11,917.44 plus pre-judgment interest.

-4-

The prayer in the civil warrant for "unjust enrichment and other equitable remedies" cannot expand the scope of relief available to the plaintiff when the facts alleged in the civil warrant do not support such relief. *Lancaster Mills v. Merchants Cotton-Press & Storage Co.*, 89 Tenn. 1, 14 S.W. 317, 323 (Tenn. 1890); *Caldwell v. Huffstutter*, 173 Tenn. 225, 116 S.W.2d 1017 (Tenn. 1938).

The facts alleged in the civil warrant not only fail to assert any basis for general relief in equity but in fact negate everything except plain breach of contract. The relief awarded by the trial court simply exceeds the scope of the relief requested by the pleadings. *See Electric Controls v. Ponderosa Fibres*, 19 S.W.3d 222 (Tenn.Ct.App. 1999).

The judgment of the trial court is reversed and the case remanded for trial of the issues drawn between the parties which under the present state of the pleadings is limited to breach of contract.

Costs of the cause are assessed to Appellee.

_____
WILLIAM B. CAIN, JUDGE